EVANDER WILLIAMS v. EMMA BOYD and J. D. FULMER.

Western Section.   January 15, 1926.

No petition for Certiorari was filed.

1. **Usury.  Courts of chancery have jurisdiction for abatement and recovery of usury.**
    By section 6110 of Shannon's Code, it is provided that the court of chancery has jurisdiction concurrent with courts of law for the abatement and recovery of usury.

2. **Usury.  Right to plead usury is a privilege personal to debtor.**
    The right to plead usury is a privilege personal to the debtor.  The exception to the rule embraces the debtor's sureties, guarantors, heirs, devisees and personal representatives.

3. **Usury.  Plea of usury must be verified.**
    The plea of usury must set forth the amount of usury and be sworn to before a justice of the peace as well as in a court of record.  Otherwise, testimony is admissible to show and abate the usury.

4. **Usury.  Usury held no defense to defendant who had contracted to hold his co-defendant harmless from certain notes.**
    In an action to recover on notes on which co-defendant had secured an extension of time by contracting to pay additional two percent interest and from which defendant had later contracted to hold co-defendant harmless, held defendant could not avail himself of usury when his co-defendant the debtor, refused to plead usury and he was bound to hold him harmless from judgment recovered against him on the notes.

Appeal from Chancery Court, Shelby County; Hon. F. H. Heiskell, Chancellor.

Affirmed.

J. D. McDowell, of Memphis, for appellant.

Miles, Waring and Walker, of Memphis, for appellee.

OWEN, J. J. D. Fulmer, one of the defendants below, has appealed from a decree rendered against him for the sum of $1612.69.  The other defendant, Emma S. Boyd, has not appealed.  She was also a cross-complainant.  The complainant's bill was filed February 28, 1922, alleging that Emma S. Boyd was indebted to him by a written contract for the amount he alleged was due and that the defendant J. D. Fulmer had assumed to pay the amount that Emma S. Boyd had contracted to pay.  It appears that in 1918 the complainants sold a tract of land containing 1440 acres in St. Francis county, Arkansas, to one Jere Belote.  Belote executed ten notes for $5500 each, or a total consideration of $55,000 for this tract of land.  The notes bear six per cent interest, and one matures on January 1st for each year following the execution of the deed for the tract of land.  Belote

and his wife gave a mortgage on this tract of land to secure these ten notes. Later Belote sold the tract of land to the defendant, Emma S. Boyd, and to one Myers, not jointly, but conveyed 720 acres to Mrs. Boyd and a like amount to Myers, taking notes from Mrs. Boyd and from Myers for $2550 each, which notes of Myers and Mrs. Boyd would mature at the same time that Belote's note for $5500 matured, payable to complainant. Belote sold the notes Myers executed to him to the defendant J. D. Fulmer. The notes maturing in 1919 and 1920 were paid. The note due complainant January 1, 1921, was not paid. It appears that Mrs. Boyd was able to pay her half of the $5500 and her part of the interest, but Myers could not pay. The defendant Fulmer insisted on complainant foreclosing his trust deed and complainant employed a Mr. Gorman, an attorney at Forest City, in St. Francis county, Arkansas, to institute foreclosure proceedings. It appears that Mrs. Boyd was in ill health and had been seriously sick for sometime prior to January 1, 1921; that she and her husband made a number of visits to the complainant, insisting that he not foreclose and also insisting that he would let Mrs. Boyd pay the amount of her note to Belote, which was one-half of the amount then due from Belote to complainant. Complainant would not agree, but on January 21st he made the following contract:

"This agreement entered into this January 21, 1921, by and between Evander Williams, party of the first part, and Emma S. Boyd, party of the second part, as follows:

"Party of the first part holds notes particularly described as follows: Seven Notes of $5,500 each, dated January 1, 1918, bearing six per cent interest, and due one note each payable annually, beginning January 1, 1922. Said notes made by Jere Belote and payable to Evander Williams, party of the second part having assumed payment of said notes of Jere Belote, has requested party of the first part not to foreclose trust deed covering same. Party of the first part is willing to grant said request and in consideration of the fact that party of the second part specifically requests it and the party of the first part has agreed to extend said notes until maturity. Party of the second part hereby agrees to pay two per cent interest annually additional on said notes.

"Evander Williams,<br>
Party of the First Part.<br>
"Emma S. Boyd,<br>
Party of the Second Part."

Prior to the execution of this contract, Mrs. Boyd had tried to sell her interest to her so-defendant Fulmer. It appears that he wanted her interest or 720 acres, but he preferred to buy at a foreclosure

sale. The complainant transferred the note that matured January 1, 1921, to the defendant Mrs. Boyd without recourse.

Shortly after the execution of the contract that we have set out, Mrs. Boyd conveyed all of her right, to the 720 acres of land to her co-defendant J. D. Fulmer for a consideration of $4500 cash and $9478.54, evidenced by a promissory note dated 21st day of January, 1921, payable to the order of M. S. Boyd, January 21, 1922, and bearing seven per cent interest per annum, and the further consideration that J. D. Fulmer indemnifies Emma S. Boyd against the indebtedness to Evender Williams, which indebtedness is secured by deed of trust upon the property described in the trust deed and which interest on the debt was increased from six per cent to eight per cent, by a separate contract, subject to which indebtedness the property in the deed from Boyd to Fulmer is purchased. The deed from Mrs. Boyd to Fulmer, provided as follows: "But the same is not assumed by the party of the second part, but he is to indemnify and hold harmless the said Emma S. Boyd as to any liability or responsibility with reference thereto." Fulmer also assumed and agreed to pay all taxes against said land.

On January 1, 1922, Fulmer tendered to complainant an amount sufficient to pay the note due that day for $5500, and the six per cent interest thereon, but he refused to pay the two per cent complainant alleged to be due by the terms of the separate contract, and this suit was instituted to collect the amount due on said notes.

The two defendants answered and denied any liability. They alleged that the contract upon which complainant was seeking to recover was a usurious contract. After the depositions taken on behalf of complainant and defendant were filed, the complainant filed an exception to the defendant's testimony in regard to usury on the ground that no proper plea of usury had been filed. The defendant Mrs. Boyd, during the pendency of the suit, asked leave to withdraw her plea of usury and be permitted to file an answer to complainant's bill, and a cross-bill against her co-defendant J. D. Fulmer. She was permitted to do this. Her cross-bill was answered by J. D. Fulmer and we quote from his answer, as follows:

"This defendant denies that he should be required to defend this suit on behalf of cross-complainant, but says that, as a matter of fact, he did employ counsel to defend this suit, and at the instance of cross-complainant the attorney answered for both this defendant and the cross-complainant answered for both this defendant conceived to be a legitimate defense to this suit, and there were no differences as to the method of the defenses of this suit until the filing of the answer and cross-complainant of said Emma S. Boyd.

"This defendant denies that he is primarily liable for any alleged indebtedness claimed to be owing to complainant, Evander Williams, on account of the contract here sued on; that this defendant has no contractual relations to complainant, Evander Williams and is under no obligations to pay complainant Williams any sum whatever, and is not liable to said Evander Williams, complainant in this cause, whatever, and said complainant is not entitled to recover any judgment against this defendant for any sum whatever.

"This defendant denies that he has breached his contract with cross-complainant, Emma S. Boyd, this defendant did not agree to pay complainant any amount, but only agreed that if cross-complainant, Emma S. Boyd, was required to pay said Evander Williams under said contract, that this defendant, J. D. Fulmer, would pay whatever amount the said Emma S. Boyd was required to pay.

"The said Emma S. Boyd has not been required by this court to pay to said Evander Williams, no judgment has been rendered against her for the payment of any sum whatever growing out of said contract, and said cross-complainant has no right to complain of the action of this defendant in this cause until, or unless the said Evander Williams recovers a judgment against her in this cause.

"This defendant denies that cross-complainant was compelled to employ counsel to defend this suit, or that this defendant is liable in any sum whatever to said cross-complainant on that account.

"This defendant now says that he complied strictly with his contract, and every part of it, which constituted a part of the consideration of the purchase of the land by him from cross-complainant, and that he has always been ready, and is now ready to comply strictly with all stipulations of his contract with cross-complainant, but says that cross-complainant should be required to act in good faith at all times with this defendant.

"This defendant denies that upon final hearing of this cause that a judgment should be entered in favor of said Evander Williams, and against either the said Emma S. Boyd, or this defendant, J. D. Fulmer, and especially does he deny that a judgment should be rendered against him, and denies that the said Evander Williams should be required to exhaust his remedy against this defendant before proceeding against the said Emma S. Boyd, and denies that said Evander Williams has any remedy at all against this defendant, or knows this defendant in the contract in any way, as this defendant was not a party to any contract with said Evander Williams, and the obligation to Evander Williams, if any exists, is an obligation of the said Emma S. Boyd.

"This defendant further denies that the said Emma S. Boyd is entitled to have any judgment against him for attorneys fees, or any other expenses incurred by her as she was not called upon, or

required or obligated in any way to incur in any expense in the defense of this suit.''

With the pleadings in this condition and with the number of depositions taken, the chancellor, in an opinion, which we find in the record, held as follows:

"MEMO. OPINION

"No priority of Contract between Williams and Fulmer. Therefore complainant can have no decree against Fulmer. Of course then Fulmer cannot plead usury as against Williams. Can complainant recover against Emma S. Boyd? That depends upon whether the two per cent is usurious and whether usury is properly pleaded. But Emma S. Boyd declines to plead usury, therefore it is not necessary to determine whether or not there was usury or whether it is necessary for a plea of usury to be sworn to.

"It results that complainant Williams is entitled to a decree against Emma S. Boyd and Fulmer admits that he is liable to him for any amount which complainant recovers against her, therefore, on her X bill, she is entitled to recover against him the amount of the decree in favor of complainant against her.

"If it were necessary to decide these questions, I should say the contract for two percent for an extension is not usurious. The charge of any specific sum for the extension would be legal and enforceable. It might be an amount equal to two per cent of the debt, calling it interest would not change the result. But it is said it could not be made to run during the extension. There can be no doubt that complainant could have granted and for a consideration of say $200, or he could have agreed to take a note bearing interest during the extension, and this note might have been made to bear ten per cent interest and it would not have been usurious. It is well settled in this state that a note bearing a higher rate of interest than the legal rate may be accepted as consideration for a sale and it would not be usurious. Whenever a cash payment may be exacted for during an act I take it a note may be taken bearing interest greater than the legal note. Interest and usury are change for use of money not for sale or service.

"However in the view I take of the case it is not necessary to decide the question of usury.''

Following this opinion there was a decree for complainant against defendant F. S. Boyd for $1612.69, and complainant's bill was dismissed as to J. D. Fulmer.

The decree further sustained the cross-bill of Emma S. Boyd and rendered a judgment in her favor against the defendant J. D. Fulmer for the sum of $1612.69, and provided that the sum recovered by the said Emma S. Boyd "shall be applied to the payment of judgment rendered against her in this cause in favor of

the complainant Evander Williams. The decree closes with the following: "From which decree the defendant J. D. Fulmer prays an appeal, which is granted upon his filing a sufficient appeal bond within thirty days from the entering of this decree."

While the defendant did not except to the decree we will treat his appealing therefrom as an exception. The proper bond was executed and filed within the time provided by the decree and the defendant Fulmer has filed the following assignments of error:

"First: The defendant J. D. Fulmer, for assignment of error, says that the court below erred in holding that the said defendant Fulmer could not plead usury.

"Second: The court below erred in finding that it was necessary for Mrs. Boyd to interpose a plea of usury, which was a defense purely personal to her.

"Third: The court below erred in not passing upon the question of whether the supplemental contract was usurious.

"Fourth: The court below erred in not entering a decree adjudging that the said supplemental contract was usurious and, therefore, void.

"Fifth: The court below erred in not dismissing complainant's bill in toto."

As to the fifth assignment of error, we are of opinion the defendant Fulmer cannot complain in not dismissing the bill in toto. Complainant's bill was dismissed as to him.

As to the other four assignments of error, we will treat them together.

The first proposition is, who can plead usury. By section 6110 of Shannon's Code, it is provided that the court of chancery has jurisdiction concurrent with courts of law for the abatement and recovery of usury. By section 3500 of said code it is provided that "if the defendant be the original debtor, his surety, or accommodation endorser, he shall verify the plea by an affidavit that it is true. If the defendant be the personal representative of the original debtor, he may verify the plea by an affidavit that he has good reason to believe and does believe the plea to be true. The right to plead usury is a privilege personal to the debtor. The exception to the rule embraces the debtor's sureties, guarantors, heirs, devisees and personal representatives. Parker v. Hotel Co., 12 Pickle, 252; Nance v. Gregory, 6 Lea, 351.

The plea of usury must set forth the amount of usury and be sworn to before a justice of the peace as well as in a court of record. Otherwise, testimony is admissible to show and abate the usury. Stephenson v. Landis, 14 Lea, 433; Cheek v. Bank, 10 Heisk., 618; Tilford v. Summer, 2 Yerg., 257.

In the latter case the court said: "The statute contemplates a special plea of usury upon oath and if the defendant fails to plead upon oath, the declaration, of course, will be taken as true."

We are of opinion that in the instant case Mrs. Boyd not having plead usury, and not having sworn to the plea that she did file, and she not having appealed from the judgment rendered against her, and usury being a personal defense, with certain exceptions which have heretofore been stated in quoting the statute, we are of opinion that assignments of error Nos. 1 and 2 cannot be sustained.

The next proposition is whether or not the defendant Fulmer is in any attitude under the pleadings in the instant case to resist this judgment.

It may be that J. D. Fulmer could have resisted Mrs. Boyd's claim, or it is possible that he could have forced her to file a plea of usury. We will not say that he could not. The record is clear that he did not undertake to force her to file a plea of usury or resist claimant's original bill on this ground. The defendant Fulmer never assumed any liability of Mrs. Boyd to the complainant under the terms of the contract sued on but distinctly had the deed from Mrs. Boyd to him to state that the two per cent mentioned in the contract sued on was not assumed by Fulmer but he was to indemnify and hold harmless the said Emma S. Boyd as to any liability or responsibility with reference thereto.

Under the facts of this case it appears that Mrs. Boyd was the sufferer. Williams got his contract price for his land; Belote sold at some profit and he was protected; Fulmer bought Belote's notes on Myers at a liberal discount, and he secured the Myer's half of the 1440 acres. He bought Mrs. Boyd's interest at a loss to her of several thousand dollars, and when she executed the contract to Williams she executed it while she was ill and in distress. Fulmer insisted on a foreclosure, and the defendant Mrs. Boyd was being ground between the upper and nether mill stones.

We agree with the chancellor that we do not think it necessary to decide whether the contract was usurious, or not, because there was no plea of usury, and the defendant Fulmer not being a party to the contract, and not being one of the exceptions designated in the statute, he cannot plead usury to complainant's bill, and, furthermore, complainant's bill was dismissed as to Fulmer.

We find no error in the decree of the chancellor. The assignments of error are overruled and disallowed and the decree of the lower court is affirmed. The cross-complainant, Emma Boyd, for the use of the complainant, will recover of the defendant and sureties on appeal bond the amount of the judgment rendered in the lower court, with interest thereon from the date of its rendition, and all of the costs of the cause, for which execution will issue.

Senter and Thompson, JJ., concur.