Mrs. Estelle F. Tanner

*v.*

R. L. Mobley, etc., et al.

354 S. W. 2d 446.

(*Nashville,* December Term, 1961.)

Opinion filed February 8, 1962.

Rehearing Denied March 7, 1962.

Erich W. Merrill, Crabtree, Morgan, McKnight & Merrill, Memphis, for appellant.

Taylor & Taylor, Memphis, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

Mrs. Tanner brought this action to recover usury and purge a trust deed and notes of usury. The Chancellor sustained the fourth ground of a demurrer to the bill which was to the effect that the plea of usury is not available to Mrs. Tanner and no suit to discover or purge the alleged usury will lie. The complainant, appellant here, has seasonably perfected her appeal, able briefs have been filed by both sides and able arguments heard. After carefully studying the matter, reading the record, briefs, authorities therein cited, making an independent investigation, we are now in a position to determine the question presented.

The bill alleges in substance that in 1952, the complainant's mother-in-law borrowed a sum of money from one of the defendants, and signed a note in the principal amount of $4,500.00 which bore interest at the rate of six (6%) percent per annum. It is alleged that for this $4,500.00 note that she signed she received only the amount of an existing trust deed which was against the property which was in the sum of nearly $1,000.00 less than the note which is here sought to be purged of usury. It is alleged that the payments on this note were made

up to the present time and that some excess of the amount legally due has been paid.

It is likewise alleged in the bill that the person, who is the mother-in-law of the complainant, at one time conveyed this property to a son and daughter-in-law in consideration of their taking care of her, paying certain bills, etc., for the remainder of her life, and that this son and daughter-in-law likewise signed this note and trust deed. It is then alleged that for some reason the son and daughter-in-law later decided they couldn't go through with this transaction and reconveyed the property to the original owner. After this the original owner then conveyed the property to the complainant in the bill on the consideration that she, the complainant who was a daughter-in-law of the owner of this property, the one who had made the note and trust deed, pay the notes on said property and also help out with certain utility bills, reserving in herself the right to live on said property for the rest of her life. It is likewise alleged that the maker of this note and trust deed conveyed said property in 1954 and remained on the property and these things were done that complainant had agreed to do when the property was conveyed until the death of the maker of the note and trust deed in 1955; and that the complainant has continued to make the payments on this note until the present suit was brought.

Thus it is under this state of facts that we have the question for determination, that is, whether or not the grantee in a deed has the right to purge the deed of a usurious stigma which was embodied in a trust deed made by her grantor and to collect said usury therein charged to her grantor.

The right of the complainant, the grantee in this deed, depends upon the construction which must be put by the Court upon Section 47-1617, T.C.A., which reads, as follows:

"*Usury paid—Recovery of.*—If usurious interest has been paid, the same may be recovered by action, at the suit of the party from whom it was taken, or his representative; or it may be subjected by any judgment creditor of such party to the satisfaction of his debt."

■ The right to collect usury is purely statutory and unless this right is conferred by statute it does not exist. 55 Am. Jur., 324; *Stump v. Napier,* 10 Tenn. 35, 41.

■ The general rule is that the defense of usury is for the benefit of the borrower and is personal to him. See 91 C.J.S. Usury, sec. 71, page 648; 55 Am.Jur., Usury, sec. 121, page 409.

Under the construction put by the courts of this State on the statute, such a right embraces only "the debtor's sureties, guarantors, heirs, devisees, and personal representatives." *Parker v. Bethel Hotel Co.,* 96 Tenn. 252, 289, 34 S.W. 209, 218, 31 L.R.A. 706; *Williams v. Boyd & Fulmer,* 2 Tenn.App. 111. There was no petition for certiorari filed in the last case cited, but it has been on the books since 1926 and was recognized by the Court of Appeals in the recent case of *Post Sign Co. v. Jemc's, Inc.,* 48 Tenn.App. 13, 342 S.W.2d 385, in which the statement was approved in the denial of a writ by this Court.

As stated in 91 C.J.S. Usury sec. 71, page 648:

"Since usury laws are enacted for the protection of the needy borrowers, and not to punish extortion in money lenders, the defense of usury is purely per-

sonal to the borrower, or those in privity with him, as discussed infra sec. 126, such as the debtor's sureties, guarantors, heirs, devisees, and personal representatives. This is true whether the statutes declare the contract void in whole or only to the extent of the usury, or whether a penalty is given for the taking. In order to question the validity of a usurious contract, the right must be based upon the original debtor's right."

The courts of the country are by no means in unanimity on who are privies to the borrower, or those who are standing in legal privity with the borrower. Probably this difficulty arises through statutes of various states as to who can recover. We though in this State by long application of this statute, quoted in the outset hereof, are bound to the proposition that only "the debtor's sureties, guarantors, heirs, devisees and personal representatives" are those that are entitled to take advantage of this statute.

In illustrating what we have above said in *Spicer v. Jarrett* (1873), 61 Tenn. 454, this Court held that the right to recover usury may be assigned if the transfer be an absolute unconditional sale where it is made for the benefit of the one who entered into the usurious contract. The Court there interpreted the statute by specific reference to it and said that under this statute a suit may be brought by the party from whom it was taken or his representative, or by suit of a judgment creditor of such a party, practically using the words of the statute without quoting the same, but obviously meaning these words should be taken in their ordinary, common sense meaning. The Court said:

"When usurious interest is paid or received, the party receiving it holds it for the use and benefit of the party paying it. The law recognizes it as an indebtedness which passes to the representatives of the paying party and which he may enforce, as well as the party himself, and which his judgment creditor can reach."

The mere fact that this statute consists of one sentence and in the first part after giving the right of action says that the party from whom taken or his representative then separated by a semicolon, or by the judgment debtor of that same party, clearly means that it is personal to that party or those that are going to get it for the use and benefit of that party, and not some third party.

Again the reason is set forth in *Parker v. Bethel Hotel Co.,* supra, wherein the Court used this language:

"The reason and policy of the statute against usury is the protection of borrowers against the oppressive exactions of money lenders, and, to promote and sustain that policy, it is not necessary that other persons than the victim, or those standing in legal privity with him, should be given the benefit of all the statute."

The case of *Nance v. Gregory,* 74 Tenn. 343, 40 Am. Rep. 41, is specifically relied on by the appellees. The appellant seeks to distinguish this case and say by the very reasoning of the case the present case does not come within the rule there laid down. In *Nance v. Gregory,* supra, the situation was that the purchaser of property encumbered by a mortgage given to secure a debt tainted with usury was held not to stand on the same ground as an oppressed debtor in the power of the lender.

The Court reasoned that when the purchaser of the property assumed the mortgage the parties dealt with this proposition and in doing so had agreed that the mortgage was valid and legal and thus in buying the property they had taken into consideration the existing usurious mortgage as part of its value and they should not be allowed in equity to get back usury after they had purchased the property on this basis.

The argument, of course, of the appellant is that it does not appear under the bill here that the purchaser intended to take the property subject to the mortgage. In other words that there was nothing of that in view when it was taken, and that in taking it the amount of the mortgage had not been deducted in the purchase price, and therefore she was entitled to bring this suit to purge the instrument of the usurious taint. The bill though does not meet this reasoning when and if we take the facts as averred as true under this demurrer. This is not a gift or devise to one but was a purchase by this daughter-in-law for the consideration of paying certain bills of the grantor and taking care of the grantor and her economic needs for the remainder of her life. Clearly, under such a factual situation this transaction as alleged in this bill could have well been placed under the same reasoning as that used by the Court in *Nance v. Gregory,* supra, because it must be presumed that the mortgage and other things were taken into consideration when the appellant agreed to this transaction. It must be remembered that the bill alleged that there had been a prior conveyance by the grantor to a son and daughter-in-law who signed this note for the same thing and they had determined apparently that it wasn't worthwhile and had backed out and deeded the property back

to the mother when the present transaction was entered into. Clearly, in such a situation the grantee in this deed does not come within that class of people or representatives as hereinbefore set forth that are entitled to recover this usury or purge an instrument from a usurious taint.

The reasoning of the Nance-Gregory case does not try to show who was entitled to this right under the statute, but was to show as a matter of equitable rights the parties weren't entitled to bring this action, because there were no equities therein. As a matter of fact, under the very wording of the statute, it isn't necessary to go that far because the Legislature in enacting the act, which was enacted more than a hundred years ago, limited the right to a type of action as attempted in this case to certain parties and the one attempting the action herein does not come within that classification.

Thus after a very thorough consideration of the question we are satisfied that the decree of the Chancellor is correct. It is therefore affirmed and the suit dismissed.

### On Petition To Rehear

Mrs. Tanner has filed herein a very courteous and respectful petition to rehear. The petition to all intents and purposes is purely a reargument of what was argued at the bar and in the original brief herein. We in our original opinion for reasons therein stated felt that this position of Mrs. Tanner was not borne out by the authorities over the years in interpreting the statute under consideration, to-wit, sec. 47-1617, T.C.A.

We considered in the original opinion all the authorities that were cited originally or cited since, except

*Gillespie v. State,* 25 Tenn. 164, which is cited in a reply to response to a petition for rehearing. This case, *Gillespie v. State,* supra, is an interpretation of what is now sec. 39-4601, T.C.A., of what is an indictable offense under this statute. The Court in this case held that the taking of usurious interest under this statute is indictable and not the contract to take. This Code Section falls under what are delineated in the Code as ''Criminal Offenses'' and in no wise conflicts with sec. 47-1617, T.C.A., which is classified in the Code under ''Commercial Instruments and Transactions'' and sets forth who may recover usurious interest. There is no conflict in this case and in our original opinion.

We have carefully considered the matter presented and feel positive that we have reached the right conclusion in our original opinion. It thus becomes our duty to overrule and deny the petition to rehear.