508

454 P.2d 178

**W. B. HATTON and Mary L. Hatton, his wife, Appellants,**

v.

**Harry W. GREENBERG, a widower, and Harry W. Greenberg, as Executor of the Estate of Dorothy B. Greenberg, Deceased, an undivided one-half interest; and L/H Enterprises, Inc., a Pennsylvania corporation, an undivided one-half interest, Appellees.**

No. I CA–CIV 607.

Court of Appeals of Arizona.

May 7, 1969.

Review Denied June 10, 1969.

Tanner, Jarvis & Owens, by Robert F. Owens, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, by Wilbert G. Anderson and David L. Haga, Phoenix, for appellees.

CAMERON, Judge.

In an opinion filed 18 March 1969 (9 Ariz.App. 327, 451 P.2d 905 [1969] ), this Court reversed the judgment of the trial court which had granted the plaintiffs' motion for summary judgment in a mortgage foreclosure action. In that opinion we assumed as a fact that the Hattons had subordinated their mortgage to a mortgage given by the Contini group to the plaintiffs, Greenberg, et al. We stated:

"Although the subordination agreement is not present in the files of the Superior Court or before this Court, the evidence and the briefs indicate that there was an agreement between Contini, et al., and the Hattons which subordinated the Hattons' mortgage to the Greenberg, et al., mortgage. There being privity of contract between Contini, et al., and the Hattons in the subordination agreement when Greenberg, et al., elected to reap the benefits of that contract by suing to foreclose the mortgage, now a first mortgage because of the subordination agreement, the Hattons had a standing, as privies of the borrowers, to raise the issue of usury as a defense."

The plaintiffs-appellees moved for a rehearing stating in part as follows:

"5. That the Court misinterpreted the facts in that portion of the opinion pertaining to the subordination agreement, which by express statement of the appellant was not before the Court, and any reader of the opinion will erroneously be led to believe the subordination agree-

ment was between the Hattons and the Continis whereas, in fact, the subordination agreement was between the Hattons and Commonwealth Development Company. The mortgage involved in foreclosure arose out of a contract between Contini, et al., and the Appellees and under no interpretation or construction of the facts of this case could the Hattons be deemed to be in privity with these parties."

This statement was in direct conflict with the facts as we understood them and, pursuant to Rule 75(h), par. 2, Rules of Civil Procedure, 16 A.R.S., we thereafter directed the Clerk of the Superior Court of Maricopa County to forward to this Court "any and all portions of the file in the Superior Court not heretofore transmitted to the Court of Appeals in connection with the appeal". As a result there was presented to this Court for consideration for the first time a copy of the subordination agreement and a copy of defendants' response to the motion for summary judgment. Defendants' response states:

> "The 'Subordination of Mortgage' form agrees to subordinate HATTON'S mortgage lien to a mortgage by said Commonwealth Development Company, Inc. However, the mortgage which Plaintiff is foreclosing was alleged to have been executed by eight named individuals, holding undivided interests and not by Commonwealth Development Company, Inc. The subordination of the Defendants HATTON is not ambiguous or incomplete, and simply does not extend to Plaintiff's mortgage."

The subordination agreement now before this Court reads as follows:

> "KNOW ALL MEN BY THESE PRESENTS:
>
> "That W. B. HATTON and MARY L. HATTON, his wife, (herein called Mortgagees), do hereby subordinate the lien of that certain realty mortgage by COMMONWEALTH DEVELOPMENT COMPANY, INC., an Arizona corporation, (herein called *Mortgagors*)

to them, recorded in Docket *4730*, Page *584*, records of Maricopa County, Arizona, covering the following described property:

> *    *    *    *    *    *
>
> "to the lien of that certain realty mortgage made by *Mortgagors* to Harry W. Greenberg and Dorothy B. Greenberg, his wife, and L/H Enterprises, Inc., a corporation, (herein called Lenders), covering the said above described real property, and the Mortgagees agree that the realty mortgage of Lenders shall be and at all times remain prior, paramount and superior to the realty mortgage held by Mortgagees. (Emphasis ours.)
>
> *    *    *    *    *    *
>
> "Dated this 12th day of September, 1963.
>
> /s/ _____
> W. B. Hatton
> /s/ _____
> Mary L. Hatton        "

The note in the record to Greenberg was signed by the Contini group and not by or on behalf of Commonwealth Development Company. The mortgage is still not before the Court. The affidavit in support of plaintiffs' motion for summary judgment stated:

> "2. That the mortgage referred to in plaintiffs' Complaint was duly recorded in the office of the County Recorder of Maricopa County on September 16, 1963, in Docket 4730 at page 595.
>
> "3. That attached hereto is a true and correct copy of that certain Subordination of Mortgage recorded in the office of the County Recorder for Maricopa County, Arizona, on September 16, 1963, in Docket 4730, page 598, which subordinates the lien of the mortgage recorded in Docket 4730 at page 584, in favor of W. B. HATTON and MARY L. HATTON, his wife, to the said mortgage of the plaintiffs."

After going over the documents now before this Court, in response to our order, and viewing the facts in the light most favorable to the Hattons and most strongly

**510**

against the persons for whom the summary judgment was granted, Mermis v. Weeden & Co., 8 Ariz.App. 166, 444 P.2d 524 (1968), we feel that there was a definite fact question as to the priority of mortgages. Therefore, the last paragraph of the opinion previously published is amended to read:

> "The summary judgment is set aside and the matter remanded to the Court with directions to grant the motion of the Hattons to amend their answer, at which time, if the pleadings so indicate, the court is directed to consider the priority of the two mortgages as well as the question of the alleged usurious nature of the Greenberg-Contini, et al., mortgage and for such other action as is consistent with this opinion."

Motion for rehearing denied.

DONOFRIO, C. J., and STEVENS, J., concur.