UNITED STATES of America,
Plaintiff-Appellee,

v.

DESERT GOLD MINING COMPANY
et al., Defendants,

Marlin K. Edwards, Defendant-Appellant.

No. 23175.

United States Court of Appeals,
Ninth Circuit.

Nov. 3, 1970.

James Moeller (argued), Roger W. Kaufman, Terry D. Oehler of Lewis Roca Beauchamp & Linton, Phoenix, Ariz., for defendant-appellant.

Robert S. Lynch (argued), Edmund B. Clarks, Attys., Shiro Kashiwa, Asst. Atty. Gen., Lands & Natural Resources, Dept. of Justice, Washington, D. C., Richard K. Burke, U. S. Atty., Richard Alleman, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before MERRILL, ELY and TRASK, Circuit Judges.

TRASK, Circuit Judge:

The United States issued eight land patents during 1961 to Desert Gold Mining Company, and others, upon proof that gold had been discovered in and upon public land. After acquiring its patents, Desert Gold borrowed money and executed its promissory note in the sum of $100,000 payable to Marlin K. Edwards. The payment of the note was secured with a mortgage on the patented lands. The note and mortgage were dated June 8, 1962. Desert Gold only received as proceeds from the loan the sum of $84,477.92, because $10,000 was deducted for Edward's commission, and a $5,000 brokerage fee was paid to Phoenician Properties. Miscellaneous other charges for recording, taxes, escrow, and title insurance reduced the loan proceeds to the final figure. Interest on the face amount of the note was charged at 8% per annum. Between August 1, 1962, and April 15, 1963, Edwards assigned all his interest to six other individuals.

In September 1963, the United States brought suit to rescind the patents alleging they had been obtained by fraud or mistake. Edwards was joined as a defendant. In October 1963, he filed a motion for partial summary judgment on the ground that he was a bona fide encumbrancer for value as to his interest in the property because he was the mortgagee, and that his mortgage was entitled to protection against the United States claim as a matter of law. After a hearing before a district judge, Edward's motion was granted and he foreclosed the mortgage in state court.

Following the death of the district judge before whom the matter was pending at this time, the case proceeded to trial. The district court entered judgment in favor of the United States and against Desert Gold cancelling the patents and quieting title in the government upon the ground that the patents were issued by mistake.[1]

Immediately after the determination of this phase of the case, from which no appeal was taken, the United States filed a motion to reconsider and to vacate the partial summary judgment which had previously been entered in favor of Edwards. A hearing was held on this motion. The court determined that the loan was usurious and that Edwards was not a bona fide purchaser or encumbrancer under Arizona law. On the basis of these findings, the trial court vacated the order for partial summary judgment in favor of Edwards and quieted title in the patented lands in the United States as against all parties.

Jurisdiction in the trial court was based upon 28 U.S.C. § 1345 (United States as Plaintiff) and in this court upon 28 U.S.C. § 1291 (Appeal from final decision of district court).

Edwards asserts four propositions of law on this appeal, urging that the district court erred in its application of them. They are:

1. That the successor district judge could only reconsider and vacate the partial summary judgment granted to Edwards upon proof of new facts, or other cause shown:

2. That the United States is not entitled to raise the defense of usury as that is a personal defense to the debtor:

3. That there was no usury here because:

    a. the lawful rate was 12%, and that rate was not exceeded:

    b. alternatively, that the rate is 8%, but the commission of $10,000 charged by Edwards was not interest, and thus no usury existed:

4. That even though the transaction be found usurious, the maximum penalty under the Arizona statute is a forfeiture of all interest and the sanc-

---

[1]. The opinion below is reported: United States v. Desert Gold Mining Co., 282 F.Supp. 614 (D.Ariz.1968).

tion here should not exceed the statutory penalty.

We agree with the ruling of the district court on point one. We disagree with the judgment of the court on point two. Finding that the United States is a third party and not entitled to raise the question of usury it becomes unnecessary to consider the remaining issues.

### Review of Order Granting Partial Summary Judgment

█ The partial summary judgment entered at the instance of Edwards was one which in substance accorded the lien of the mortgage to Edwards a priority over the potential claim of the United States to cancel the patents and quiet its title. The judgment entered contained neither an express determination that there was no just reason for delay in entering the judgment as final nor an express direction for entry of a final judgment. As such the partial summary judgment under Fed.R.Civ.P. 54(b) was "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." A later motion after the death of the first judge, Judge Ling, to make the partial summary judgment a final judgment under the Rule, was denied. The judgment therefore remained subject to reconsideration and revision either by the same judge, a successor judge or a different judge to whom the case might be assigned. Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 809 (9th Cir. 1963); Castner v. First National Bank of Anchorage, 278 F.2d 376, 380 (9th Cir. 1960). The question before this court then becomes whether or not the action taken was a proper exercise of judicial discretion. *Id.* Having in mind that one judge should not overrule another except for the most cogent reasons, we do not believe the action of the successor district judge here was an abuse of discretion and thus we proceed to the other issues.

### Standing of the United States to Assert Usury

The district court determined that usury was present in the transaction between Desert Gold Mining Company, the borrower, and Edwards, the lender. Having so found, the court then held that the United States was a proper party to invoke the rule that Edwards was not a bona fide encumbrancer because he had actual knowledge of the usurious loan from which his mortgage arose, and quieted title in the United States as against all parties.

The court relied upon some early Alabama cases and a federal district court decision of the Southern District of Alabama for authority.[2] Southern Home Building & Loan Association v. Riddle, 129 Ala. 562, 29 So. 667 (1901); Meyer v. Cook, 85 Ala. 417, 5 So. 147 (1888); Smith v. Lehman, Durr & Co., 85 Ala. 394, 5 So. 204 (1888); In re Elmore Cotton Mills, 217 F. 810 (S.D.Ala.1914).

█ Our examination of the authorities as they existed at the time of this controversy convinces us that usury, not being *mala in se* either generally or in Arizona, is a personal defense of the debtor. Maestro Music, Inc. v. Rudolph Wurlitzer Co., 88 Ariz. 222, 354 P.2d 266 (1960); Collister v. Inter-State Fidelity Building & Loan Association, 44 Ariz. 427, 38 P.2d 626, 631 (1934) (dicta); Sosin v. Richardson, 210 Cal.App.2d 258, 26 Cal.Rptr. 610, 614 (1962); Commonwealth Trailer Sales v. Bradt, 166 Neb. 1, 87 N.W.2d 705, 708 (1958); Tanner v. Mobley, 209 Tenn. 490, 354 S.W.2d 446, 448 (1962) (*semble*). It will also

---

2. We note in passing that the Alabama law is no longer clear, Farmers & Ginners Cotton Oil Co. v. Hogan, 267 Ala. 248, 100 So.2d 761 (1957), and that there might be a question whether the interest in the patented lands asserted by the United States would be protected by the Alabama courts. *Id.* at 767 (on rehearing).

inure to the benefit of those in privity with him such as heirs, legal representatives and devisees of the borrower. Hatton v. Greenberg, 9 Ariz.App. 327, 451 P.2d 905, 908 (alternative holding), modified in part on rehearing, 9 Ariz. App. 508, 454 P.2d 178 (1969)[3]; Tanner v. Mobley, *supra*. It is a protection established by statute and afforded to necessitous borrowers. The majority of the cases which have considered third party standing with respect to asserting usury have not permitted such persons to raise the defense. Maestro Music, Inc., *supra;* Sosin, *supra;* Commonwealth Trailer Sales, *supra;* Tanner, *supra.*

 Indeed, the protection being afforded to distressed borrowers, being *malum prohibitum*, may be waived. *Collister, supra.* As such, the protection would not logically be expected to constitute a right to be insisted upon by a transferee of the equity. We do not find the early Alabama cases convincing in the face of the general development of the law in this regard. Here, the United States was a complete stranger to the loan transaction. It is difficult to understand how it may be permitted to insist upon a defense which the borrower may not have desired to assert.[4] See Hibernian Banking Association v. Davis, 295 Ill. 537, 129 N.E. 540 (1921).

The district court relies upon Blaisdell v. Steinfeld, 15 Ariz. 155, 137 P. 555 (1941), as holding that equity will cancel deeds and encumbrances on real property if tainted with usury or given for a usurious consideration. In that case however, as well as in the authori-

ties relied upon by the Arizona court, the litigation was between the borrower and the lender, and it was the borrower at whose instance the court acted, not upon the claim of a third party. Accordingly we adhere to the *Collister* and *Maestro* opinions, *supra,* that express the controlling Arizona rule that the defense of usury is personal to the debtor and those in privity with him. That being so, we hold that the United States as a third party may not assert and rely upon the defense of usury to defeat Edward's secured interest.

We therefore reverse and remand to the district court with the direction that judgment be entered quieting title in the United States subject to the mortgage held by appellant Marlin K. Edwards.

---

3. We do not believe that Hatton v. Greenberg, 9 Ariz.App. 327, 451 P.2d 905 (1969), decided after the lower court's opinion in this case, is contrary to Collister v. Inter-State Fidelity Bld'g. & Loan Ass'n., 44 Ariz. 427, 38 P.2d 626 (1934) or Maestro Music, Inc. v. Rudolph Wurlitzer Co., 88 Ariz. 222, 354 P.2d 266 (1960), both decided by the Supreme Court of Arizona, or that *Hatton, supra,* estabishes as the law of Arizona that a third party may assert a claim of usury. In *Hatton,* the party permitted to raise the defense of usury was the orig-

inal mortgagee who had agreed to subordinate his mortgage to a later mortgage claimed to be usurious. The original mortgagee thus was held to be in privity with the borrower and entitled to raise the issue of usury as a defense.

4. As a matter of fact the borrower, Desert Gold, did not assert usury in the state foreclosure action according to the judgment of foreclosure. Edwards v. Desert Gold, No. 189138, Superior Court of Arizona, Maricopa County, Oct. 16, 1967. C.T. 139–48.