**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**DESERT GOLD MINING COMPANY, an Arizona corporation, et al., Defendants,**

**Marlin K. Edwards, Defendant-Appellant,**

**State of Arizona, Intervenor.**

**Marlin K. EDWARDS, Petitioner,**

v.

**Hon. Walter E. CRAIG, United States District Judge, District of Arizona, Respondent;**

**UNITED STATES of America and Desert Gold Mining Co., Real Parties in Interest.**

**Nos. 71-1356, 71-1499.**

United States Court of Appeals, Ninth Circuit.

Aug. 11, 1971.

Roger W. Kaufman (argued), of Lewis & Roca, Phoenix, Ariz., for defendant-appellant.

Robert S. Lynch (argued), Dept. of Justice, Shiro Kashiwa, Asst. Atty. Gen., Washington, D. C., Richard K. Burke, U. S. Atty., Richard S. Allemann, Asst. U. S. Atty., Olger W. Kalyna, of Beer & Kalyna, Phoenix, Ariz., for plaintiff-appellee.

Before MERRILL, ELY and TRASK, Circuit Judges.

## ORDER

PER CURIAM:

This appeal comes to us from the district court to which it was remanded for the purpose of entering a judgment quieting title in the United States subject to the mortgage held by Marlin K. Edwards, the appellant therein.[1] A dispute has arisen between the parties as to the meaning of the judgment entered by this court in United States of America v. Desert Gold Mining Company, 433 F. 2d 713 (9th Cir. 1970).[2] In issuing that opinion, we believed, *inter alia*, that

since the Government had sought the intervention of equity, it was in no position to protest its corresponding obligation to do equity in order to obtain the equitable relief that it sought.

So that the previous decision and judgment of this court may be entirely clear, it is hereby ordered, adjudged, and decreed that upon the present remand, the district court will issue the following decree:

1. Any and all orders heretofore entered by the district court on remand are hereby vacated and set aside.

2. The mortgage placed upon the property during the period of time the patents were outstanding is hereby declared to be a good and legally valid mortgage creating a first lien upon the property described therein superior to the title of the United States of America which is being established in these proceedings.

3. The legal title to the property described in said mortgage is hereby quieted in the United States of America free and clear of any and all claims save and except that evidenced by the mortgage of Marlin K. Edwards which was executed and recorded during the period of time that the patents from the United States were outstanding, of record, and apparently valid.

4. In the event the United States shall not pay or otherwise satisfy the mortgage debt as hereinafter itemized within 120 days from the date of entry of this judgment, then and in such event the mortgagee, Marlin K. Edwards, or his successor in interest as mortgagee shall have the right to cause said property or so much thereof as may be necessary to satisfy the mortgage debt, to be sold at a judicial sale under authority

---

1. The appellant has also filed a Petition for Writ of Mandamus, the consideration of which was deferred for review along with the appeal. We dispose of the controversy on the appeal, denying the Petition for Writ of Mandamus.

2. After the remand directed by that decision, the district court entered an order following the literal language of our opinion. Since our remanding order was apparently imprecise, we cannot fault the district court or the parties for their confusion with respect to the ultimate result contemplated by our original order.

of this order issued pursuant to the provisions of 28 U.S.C. §§ 2001, 2002.

5. Should it become necessary to sell the property to satisfy the mortgage debt the district court upon application by the mortgage holder shall issue an order to the United States Marshal directing him to seize and sell the real property described in said mortgage together with all improvements and fixtures thereon, at public auction in the manner prescribed by law and according to the custom and practice of the district court, selling the eight (8) patented parcels of land or any portion thereof in such order as the United States of America may request in writing, delivered to the United States Marshal prior to the sale, until the claim of Marlin K. Edwards as hereafter set forth is satisfied in full. If there be no written request by the United States of America, the patented parcels of land shall be sold in the numerical order in which they are listed in the mortgage until the claim of Marlin K. Edwards is satisfied in full.

6. Upon confirmation of sale by the district court, the United States Marshal shall be and he is hereby authorized to execute and deliver a deed to the purchaser or purchasers in quit claim form, which deed when executed and delivered shall refer to this order and the order of confirmation and shall operate to convey all right, title and interest of the United States in and to the property described therein. The United States Marshal shall, out of the proceeds of the sale, retain his fees, disbursements and commissions and shall apply the balance of the proceeds to the satisfaction of the claim of Marlin K. Edwards, any excess proceeds of the sale shall be delivered to the United States of America and any remaining real property shall be transferred by Marlin K. Edwards to the United States of America. Marlin K. Edwards or his successor in interest may be a bidder at the sale and apply his claims to any bid he may make.

7. The claim of Marlin K. Edwards which is secured by the mortgage herein declared to be superior to the title of the United States, which claim is to be satisfied from the proceeds of the sale of the property is as follows:

(a) Principal sum of $100,000.00.

(b) Interest accrued to October 16, 1967, in the sum of $12,953.24.

(c) Interest on $112,953.24, at the rate of 8% per annum from October 16, 1967, until paid.

(d) Attorneys' fees in the sum of $11,319.11, with interest thereon at the rate of 6% per annum from October 16, 1967 until paid.

(e) Costs incurred of $237.90.

8. Any orders necessary for the implementation of this decree shall be made by the district court to which this cause is hereby remanded for that purpose.

9. There being no just reason for delay, the court directs its clerk to issue this forthwith. A Petition for Rehearing will not be entertained. *See* Rule 2, Fed.R.App.P.

Reversed and remanded.