MEMORANDUM **
Plaintiff Equal Employment Opportunity Commission (EEOC) appeals the district court’s reconsideration of its prior order granting a new trial in the EEOC’s action pursuant to Title VII of the Civil Rights Act. The EEOC alleges that Defendant Serrano’s Mexican Restaurants, LLC failed to reasonably accommodate former restaurant manager Terra Naeve’s sincere religious beliefs. A jury determined that Serrano’s did reasonably accommodate Naeve. The EEOC asserts that the jury’s determination was against the clear weight of the evidence and, therefore, the district court’s initial order granting a new trial on that basis was proper and reconsideration of that order erroneous. “We review for abuse of discretion a district judge’s decision to reconsider an interlocutory order by another judge of the same court.” Amarel v. Connell, 102 F.3d 1494, 1515 (9th Cir.1996). We also review for abuse of discretion the decision to grant or deny a motion for new trial on the grounds that the verdict is against the clear weight of the evidence. Landes Constr. Co., Inc. v. Royal Bank of Can., 833 F.2d 1365, 1372 (9th Cir.1987). We affirm.
The district court was not barred by the law of the case from reconsidering its prior order despite the reassignment of the case to a different judge. The law of the case is a guide to courts’ exercise of discretion, rather than a rigid rule. See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regí Planning Agency, 216 F.3d 764, 787 (9th Cir.2000); United States v. Miller, 822 F.2d 828, 832-33 (9th Cir.1987); Castner v. First Nat’l Bank of Anchorage, 278 F.2d 376, 379-80 (9th Cir.1960). There is no strict prohibition against one district judge reconsidering and overturning the interlocutory order or ruling of a prior district judge in the same case before final judgment, though “one judge should not overrule another except for the most cogent reasons.” United States v. Desert Gold Min. Co., 433 F.2d 713, 715 (9th Cir.1970); see also, e.g., Abada v. Charles Schwab & Co., Inc., 300 F.3d 1112,1117-18 (9th Cir.2002); Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 530 (9th Cir. 2000). Cogent reasons include a determination that a prior order was clearly erroneous and would result in a “useless trial.” Costner, 278 F.2d at 380; see also Delta Sav. Bank v. United States, 265 F.3d 1017, 1027 (9th Cir.2001).
The district court exercised its discretion to reconsider the prior grant of a new trial because it found the prior order to be clear error requiring an unnecessary second trial.[1] After carefully reviewing *408 the record, we do not find this was an abuse of discretion. A new trial may be granted following a jury verdict pursuant to Federal Rule of Civil Procedure 59 only “if the verdict is against the clear weight of the evidence.” Landes, 833 F.2d at 1371. At trial, conflicting testimony was presented by Naeve and Ric Serrano regarding whether Serrano’s made an unconditional offer of a transfer to another store location to Naeve, which the EEOC concedes would have constituted a full accommodation. Though the EEOC attempted to impeach Ric Serrano, we do not find the impeachment to have been sufficiently serious to render his testimony substantially less believable than Naeve’s. The parties also put forward on appeal conflicting interpretations of Ric Serrano’s testimony concerning the basis on which his offer was rejected. The court does not find the EEOC’s interpretation to be significantly more plausible than that offered by Serrano’s. Therefore, we agree with the district court’s final determination that the clear weight of the evidence does not support a finding that no unconditional accommodation was offered,
AFFIRMED

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. This was also the "good cause” the district court found to consider Serrano's untimely *408 motion, see D. Ariz. L.R. Civ. P. 7.2(g), a finding which we also review for abuse of discretion, Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir.2007).