**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 8 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL FIELD ESCANDON, | No. 16-56496 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02644-PSG-PLA |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted October 23, 2017**

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Raul Field Escandon appeals pro se from the district court's order dismissing

as barred by res judicata his employment action alleging violations of federal and

state laws.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo,

*Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002), and we may affirm on

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

any ground supported by the record, *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001).

The district court properly dismissed Escandon's claims arising from the failure to promote Escandon as barred by the doctrine of res judicata because they arose out of the same transactional nucleus of facts as Escandon's previous action, and all other requirements for the application of res judicata were met. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) ("Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." (citation and internal quotation marks omitted)); *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998) ("Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits.").

Dismissal of Escandon's claims arising from defendants' alleged improper influence on the judgment in the previous action was proper because Escandon failed to allege facts sufficient to state plausible claims for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, plaintiff must allege facts sufficient to state a plausible claim).

The district court properly dismissed Escandon's action without leave to

amend because amendment would have been futile.  *See Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012).

The district court did not abuse its discretion by deeming Escandon's actions related and re-assigning the present action to the district court judge who decided Escandon's prior action.  *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (district court's compliance with local rules is reviewed for an abuse of discretion).

The district court did not abuse its discretion by denying Escandon's motion to recuse because Escandon failed to establish grounds for such relief.  *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and grounds for recusal).

The district court did not abuse its discretion by denying Escandon's motion for reconsideration of the order denying his motion to recuse because Escandon failed to establish grounds for such relief.  *See United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-56496