533 P.2d 62 (1975)
In re the MARRIAGE OF Juska JANKO, Petitioner-Appellant, and
Michael Janko, Respondent-Appellee.
No. 74-331.
Colorado Court of Appeals, Div. I.
March 4, 1975.
Robert Carr, Steven A. Gall, Denver, for petitioner-appellant.
Arthur M. Schwartz, P. C., Richard J. Bacon, Denver, for respondent-appellee.
Not Selected for Official Publication.
VAN CISE, Judge.
In a dissolution of marriage proceeding, the wife appeals from that part of a disposition of property order pertaining to the family home. She contends that she should have been awarded a larger share of the equity and that, under the circumstances of this case, the division ordered *63 by the court constituted an abuse of discretion. We do not agree, and affirm the judgment.
At the time of the hearing on November 6, 1973, the husband was 68 and the wife 53 years old. The parties had been married in Germany 28 years before, and had resided in Colorado since 1953. They had four children, only one of whom, a 15-year-old daughter, was unemancipated. Their property consisted of furniture and furnishings, a 1963 automobile, and their home with an agreed equity value of $19,000. Mrs. Janko was employed as a cleaning woman, and Mr. Janko was on social security.
At the hearing, the testimony established that three children still lived at home, that of those at home the older two contributed to the family expenses, and that the wife received a social security check on the husband's account for the support of the youngest child. The evidence established that both parties worked during the marriage and contributed to the household expenses.
The parties had agreed on the division of all property except disposition of the home. The furniture and furnishings went to her and the car to him.
The court found the home to be marital property and awarded it to the wife, but ordered her to execute and deliver to the husband a note for $9,500 secured by a second deed of trust on the property. This note is to be payable without interest six months after the 15-year-old daughter attains the age of 21, or when the property is sold, or if and when the wife remarries, whichever is earlier.
It is apparent that the court, in making its disposition of the property, considered the factors set forth in § 14-10-113(1), C.R.S.1973 (1971 Perm.Supp., C.R.S.1963, 46-1-13(1)). Disposition of property between husband and wife in marriage dissolution proceedings is within the sound discretion of the trial court. Hyde v. Hyde, 169 Colo. 403, 457 P.2d 393. We find no abuse of that discretion.
Judgment affirmed.
COYTE and STERNBERG, JJ., concur.