**Jacqueline F. THORBJOHNSON, Administratrix of the Estate of Russell E. Kaler**

v.

**ROCKLAND–ROCKPORT LIME CO., Inc. and City of Rockland.**

Supreme Judicial Court of Maine.

Jan. 27, 1971.

David A. Nichols, Camden, for plaintiff.

Samuel W. Collins, Wayne R. Crandall, A. Alan Grossman, Barry M. Faber, Rockland, Mahoney, Robinson, Desmond & Mahoney, Portland, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, and WERNICK, JJ.

PER CURIAM.

This appeal comes to us from an order of a Justice of the Superior Court dismissing with prejudice the complaint of the plaintiff insofar as it asserts a claim against the City of Rockland, one of two defendants named in the complaint. The record before us, including the docket entries, reveals that the complaint is still pending, and the action continues live, in the Superior Court as to another claim which is made by the plaintiff against another defendant, Rockland-Rockport Lime Co., Inc.

Since the case remains in the posture that multiple claims and parties are involved, the provisions of Rule 54(b) M.R.C.P. are controlling:

"When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.*" (Emphasis supplied.)

The present appeal purports to be before us without such express determination and direction by the court below.

A further provision of Rule 54(b) M.R. C.P. is:

"In the absence of such determination and direction any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In the light of this mandate of Rule 54(b), and even though no party has raised the issue, we must conclude that we have before us an order which lacks finality and appealable status. In its present form, therefore, the appeal is premature.[1]

Because briefs have been submitted and the case has been argued orally, we seek to avoid undue delay and expense.

It is, therefore, ordered that the case is returned to the Superior Court to afford the parties to the appeal opportunity to attempt to accomplish compliance with the requirements of Rule 54(b) M.R.C.P. If within 30 days hereafter a supplemental record (the number of copies to be pursuant to Rule 74(o) M.R.C.P.) should be filed with the Clerk of the Law Court, and in which the requirements of Rule 54(b) are shown to have been met, the present appeal will go forward in this court upon the briefs already submitted and without need for further oral argument; otherwise, the appeal will be dismissed as premature.

---

1. A full delineation of the matter is to be found in Volume 2 of Maine Civil Practice, Second Edition, Field, McKusick and Wroth, at pages 8 and 9.