**TALLWOOD LAND & DEVELOPMENT COMPANY**

v.

**George Henry BOTKA (and Seventeen other Named Defendants).**

Supreme Judicial Court of Maine.

Nov. 6, 1972.

Harold J. Shapiro, Jeffrey A. Smith, Gardiner, for plaintiff.

McLean, Southard & Hunt, by Frank E. Southard, Jr., Kenneth A. Cobb, Augusta, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

PER CURIAM.

*On appeal by the plaintiff.*

This is an action brought to determine the title to certain real estate in Winthrop known as "Sherb's Island." The plaintiff, claiming title to this property, alleged that it had been disseized by the eighteen persons who were joined as parties defendant in this action. It is apparent from reading the complaint that the plaintiff bottoms its claim of title on a source which fundamentally would defeat the title of all eighteen defendants. Otherwise stated, the plaintiff's claim of title is not severable as to the various defendants.

Since we do not reach the merits of the appeal, it is necessary to outline briefly our reasons for dismissing the appeal, which we feel was prematurely taken.

After entry of the complaint, appearances and answers were filed for thirteen of the named defendants. However, with respect to the remaining five defendants a review of the docket does not indicate any default pursuant to Rule 55(a), M.R.C.P., to have been entered. Likewise, the docket does not show that the plaintiff has ever filed a motion for a default judgment against the unrepresented five defendants. Rule 55(b)(2), M.R.C.P.

Subsequent to the filing of an answer for two of the defendants, it was stipulated that, as to them, the case was dismissed, thus reducing the defendants to sixteen, eleven of whom were represented by counsel.

The eleven represented defendants had filed answers denying the plaintiff's allegations, nine of whom had joined in a counterclaim demanding compensation for improvements to the premises should the plaintiff prevail in its action. These nine defendants later filed a motion for a summary judgment which, after hearing, was granted and from which ruling plaintiff took the appeal which is now before us. The remaining two represented and answering defendants and the five unrepresented defendants were not made parties to the motion nor was their status considered in the ruling made thereon. The Justice who heard the motion filed a decision, concluding with these words, "[a]ccordingly, the motion is granted and the judgment is for the Defendants with costs." We must assume that this ruling is limited to the nine defendants who had joined therein. It is clear that the action is still unresolved with reference to seven defendants.

Rule 54(b), M.R.C.P., provides:

"(b) Judgment upon Multiple Claims or Involving Multiple Parties. When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction any order or other form of decision, however designated, which adjudicates less than all the claims

or the rights and liabilities of less than all the parties shall not terminate the action as to any of the  claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis supplied.)

Without the express determination and direction of the Court below pursuant to Rule 54(b) and under the interpretation given this rule in Thorbjohnson v. Rockland-Rockport Lime Co., 272 A.2d 779 (Me.1971), we must conclude  that the order of the Justice below lacks "finality and appealable status."

The entry is:

Appeal dismissed as premature.

All Justices concurring.