**Frederick W. and Beatrice H. WORMELLE**

v.

**Warren F. and Barbara R. GEORGE.**

Supreme Judicial Court of Maine.

Sept. 9, 1974.

Clayton N. Howard, Damariscotta, for plaintiff.

Frank F. Harding, Rockland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WERNICK, Justice.

On September 1, 1971 plaintiffs, Frederick W. and Beatrice H. Wormelle, instituted a civil action against defendants, Warren F. and Barbara R. George, in the Superior Court (Knox County). Although captioned "Complaint for Injunction", the complaint consisted of two counts of which only the first pertained to injunctive relief.

The first count of the complaint sought injunctive relief to prevent defendants from subdividing certain land owned by them or constructing, or permitting to be constructed, on said land more than one private residential dwelling. Plaintiffs alleged that such subdivision or construction would violate particular restrictive covenants in the deed by which plaintiffs obtained title to the land.

In the second count of the complaint plaintiffs sought damages of $10,000.00 for conduct of the defendants alleged to have originated in the past and to be continuing in violation of restrictive covenants of defendants' deed different from those involved in the first count.[1]

---

1. Plaintiffs assert standing to enforce the restrictive covenants in the deed of the defendants insofar as both plaintiffs and defendants acquired their land from a common owner,

Defendants answered the complaint and also filed a counterclaim against plaintiffs seeking damages of $150,000.00 on the ground that the action of plaintiffs was a malicious prosecution.

A hearing was scheduled for July 10, 1972 to be conducted by the presiding Justice as the "court" without a jury. The record makes clear that the presiding Justice and all counsel understood that this hearing was to be confined to the first count of the complaint and its prayer for injunctive relief, and the second count of the complaint as well as the counterclaim of the defendant (in each of which the parties were entitled to a jury trial) would be given consideration at a later time.

After completion of the hearing of July 10, 1972, the presiding Justice, designating his ruling "Decision on Complaint for Injunction" and with his written opinion dealing only with those restrictive covenants in the deed supportive of plaintiffs' claim for injunctive relief, made the order: ". . . the entry will be 'Complaint Dismissed.'" Nothing was said by the presiding Justice as to the counterclaim of defendants.

Under date of November 28, 1972 the Clerk entered on the docket of the Superior Court:

"Decision on Complaint for Injunction filed. Complaint Dismissed."

On December 13, 1972, plaintiffs filed notice of appeal stating that they

". . . appeal to the Law Court from the Decision on Complaint for Injunction dismissing . . . Complaint which decision was entered in this action on November 28, 1972."

As perfected, this purported appeal by plaintiffs is now before us.

■ We must dismiss the appeal because the requirements of Rule 54(b) M. R.C.P. have not been met.[2]

Independently of the question whether the entry of "Complaint Dismissed" was the entry of a *valid* judgment (insofar as the order of the presiding Justice may, by inadvertence, have encompassed more than had been submitted to him for his determination), the presiding Justice failed to dispose of the counterclaim of defendants. Once defendants had filed a counterclaim the action involved ". . . multiple claims for relief . . ." thus to render Rule 54(b) M.R.C.P. operative according to its literal text.[3] Hence, it was requisite, in the absence of a determination of the counterclaim of defendants, that the pre-

Kenneth J. McLeod, and each of their deeds, respectively, contains language that the covenants are to run with the land; and similar restrictions appear in all deeds covering a larger parcel of land of which the land here in question is a part.

2. Rule 54(b) provides:
    ". . . *Judgment upon Multiple Claims or Involving Multiple Parties.* When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims

or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

3. The December 27, 1946 Amendment of Federal Rule 54(b), effective March 19, 1948, expressly refers to "a counterclaim" as within the concept of ". . . more than one claim for relief . . . presented in an action . . . ." This language was deemed necessary in the federal practice to eliminate the distinction made in the pre-1948 Rule 54(b) between permissive and compulsory counterclaims. Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 452, 76 S.Ct. 904, 100 L.Ed. 1311 (1956). See also: 6 Moore's Federal Practice, (2nd ed.) ¶ 54.35 [1].
    Although federal authority does not control the meaning to be assigned to Rule 54(b) M.R.C.P., the Federal 54(b) as amended

siding Justice (1) make an express direction for the entry of judgment "as to one . . . but fewer than all of the claims . . ." and (2) accompany this direction with an ". . . express determination that there is no just reason for delay . . .."

■ The omission of such express direction and determination by the trial Court causes the instant decision by the Superior Court, under the explicit provisions of Rule 54(b) M.R.C.P., to lack effect to

". . . *terminate* the action as to *any* of the claims . . ., and . . . [to be] subject to revision at any time before the entry of judgment adjudicating *all* the claims and . . . rights and liabilities of . . . the parties" (emphasis supplied)

—thus to be interlocutory and, therefore, non-appealable under the "final judgment" doctrine. Thorbjohnson v. Rockland-Rockport Lime Co., Me., 272 A.2d 779 (1971); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 436, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); Republic of China v. American Express Co. Inc., 190 F.2d 334, 338, 339 (2 Cir., 1951); Bendix Aviation Corp. v. Glass, 195 F.2d 267, 269, 270 (3 Cir., 1952); Donovan v. Hayden, Stone, Inc., 434 F.2d 619 (6 Cir., 1970).

In the instant context, and notwithstanding that briefs have been submitted and the case argued orally, we deem inappropriate the procedure followed in Thorbjohnson v. Rockland-Rockport Lime Co., supra. Here, the record shows a basic misunderstanding concerning "Count Two" of the complaint as well as an omission to deal with the counterclaim of defendants. As to both of these claims the parties have rights to, and may wish, a trial by jury. Even should the parties waive jury trial on the claims, the record before us leaves un-

clear whether the determinations of *law* made by the presiding Justice and confined to the restrictive covenants involved in "Count One" of the complaint will have controlling effect upon either the issues raised as to the different restrictive covenants involved in "Count Two" or the questions precipitated by the counterclaim. We think it preferable, therefore, that the present appeal be dismissed and the case be remanded to the Superior Court with opportunity to allow, before the case returns to this Court, a disposition of all of the claims in the action, free of misunderstanding and with the parties having opportunity to exercise, as they see fit, their rights to a trial by jury.

The entry is:

Appeal dismissed.

Case remanded to the Superior Court for further proceedings.

All Justices concurring.

effective in 1948, has provided the pattern for Rule 54(b) M.R.C.P.,—See: 2 F McK & W, Me.Civ.Pr.2d. Reporter's Notes, at p. 3 and also Section 54.3, at pp. 7, 8. Federal authority, therefore, provides valuable guid-

ance to the interpretation of Rule 54(b) M.R.C.P. We perceive no sound reason to depart in the present context from the federal precedents currently operative.