AGWAY, INC.

v.

Elsie A. LUCE, Administratrix of the Estate
of Roland H. Luce, and Kendall R. Luce.

Supreme Judicial Court of Maine.

Oct. 23, 1974.

Perkins & Townsend by Clinton B.
Townsend, Skowhegan, for plaintiff.

Eames & Eames by Donald E. Eames,
Skowhegan, Morton A. Brody, Waterville,
for defendants.

Before DUFRESNE, C. J., and
WEATHERBEE, POMEROY, WER-
NICK, ARCHIBALD and DELAHANTY,
JJ.

DELAHANTY, Justice.

In plaintiff's action to enforce certain
debt obligations, the Superior Court ruled
that plaintiff's motions for summary judg-
ment were "granted in part," but that "en-
try of final judgment must wait the agree-
ment of the parties or hearing on the rea-
sonableness of attorney's fees." Defendant
seeks to appeal the Superior Court's ruling.

In its present posture and on the record
before us, the appeal must be dismissed,
and the case remanded to the Superior
Court for final adjudication of pending
and unresolved issues properly before that
court. Deciding the attempted appeal pres-
ently before us would not dispose of the is-
sue pending in the trial court. Substantial
interests of the parties are as yet undeter-
mined; our intervention on an appeal of
one issue would lead only to fragmentary
and dissevered adjudication. See Wor-
melle v. George, Me., 325 A.2d 4, 6 (1974).

The characterization of the ap-
peal as from a partial summary judgment
does not lend the appeal greater urgency
or finality. The essential consideration is
that a partial summary judgment is not a
judgment on the whole case but is custom-
arily interlocutory in nature and not ap-
pealable. See Albatross Shipping Corpora-
tion v. Stewart, 326 F.2d 208, 210–211 (5th
Cir. 1964). Had the trial court wished to
enter a judgment with final effect as to
one of the claims or one of the parties,
there are procedures for doing so under
our Rules. Me.R.Civ.P. 54(b). We inti-

mate no opinion whether such a procedure is appropriate or desirable in the instant case.[1]

The entry must be:

Appeal dismissed.

Remanded to Superior Court for further proceedings.

All Justices concurring.

---

1. On remand, we would direct the Superior Court's attention to anomalies in plaintiff's count two as it appears in the record. Plaintiff's motion for summary judgment, as reproduced at R–59, does not incorporate relief bearing on plaintiff's count two. A docket entry states that a motion for summary judgment bearing on count two was filed by plaintiff on March 7, 1974. (R–5). This motion does not appear in the record. The ruling of the Superior Court may thus properly be clarified on remand as to the interrelation of plaintiff's demands for relief, to the extent that said interrelation affects the final judgment.