## SHEEPSCOT LAND CORPORATION

v.

## Elizabeth K. GREGORY.

Supreme Judicial Court of Maine.

Nov. 7, 1974.

Knight & Cohen by Samuel G. Cohen, Stanley Cohen, Waldoboro, for plaintiff.

Grant Lyons, Damariscotta, Perkins & Perkins by James Blenn Perkins, Jr., Boothbay Harbor, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WERNICK, Justice.

On January 19, 1973 the plaintiff, Sheepscot Land Corporation, instituted in the Superior Court (Lincoln County) an action seeking partition of real (and personal) property allegedly owned by plaintiff as tenant in common with the defendant, Elizabeth K. Gregory.

Defendant filed a responsive pleading which included an answer to the complaint and a counterclaim alleging that the interest of the plaintiff corporation in the property at issue was derived from fraudulent transfers made by Lewis E. Gregory, former husband of defendant and owner of the property with her in joint tenancy, (Lewis E. Gregory being alleged to have

acted in concert with another, Julius H. Sedlmayr). The counterclaim averred that the conveyances were effected in January of 1972 and were fraudulent because made for the purpose of preventing defendant from proceeding against Lewis E. Gregory's interest in the property to satisfy a divorce judgment procured in December of 1965 by defendant against Lewis E. Gregory and which awarded defendant a lump sum of $25,000.00. The counterclaim demanded that the conveyances to plaintiff corporation be set aside and defendant be awarded compensatory and punitive damages.

Plaintiff corporation replied to the counterclaim by denying its crucial allegations.

After various pre-trial motions and rulings and the holding of a pre-trial conference, the case was assigned to be tried on December 12, 1973. On that date defendant appeared and was ready for trial. Before trial commenced, however, the presiding Justice conferred with counsel for the parties to explore settlement possibilities. From this conference a reasonable basis for settlement of the case materialized, but the attorneys for the plaintiff corporation represented to the Court that they lacked authority to agree to the settlement without first clearing it with Lewis E. Gregory as the president of plaintiff corporation. Since Lewis E. Gregory had not come to Maine for the trial, the case was continued to allow the settlement proposal to be submitted to him.

On December 21, 1973 counsel for plaintiff corporation informed the presiding Justice that (1) Lewis E. Gregory had rejected the settlement, and (2) counsel wished to withdraw from the case.

On December 27, 1973 the presiding Justice granted counsel leave to withdraw and further ordered:

"The Clerk will make the following entry, 'Plaintiff Sheepscot Land Corp. to be defaulted on January 7th, 1974, unless on or before that date Plaintiff appears either personally or through new counsel to show cause why the default should not then be entered.'"

On December 27, 1973 the Clerk made the aforesaid entry on the docket and on the same day notice was sent by registered mail to Lewis E. Gregory, the President of plaintiff corporation, at his home on Long Island, New York. The letter was returned (prior to January 7, 1974) marked: "Refused 12–29–73."

On February 5, 1974, through a new attorney appearing for it, plaintiff corporation filed a motion

". . . that the default entered against . . . [plaintiff] on January 7, 1974 be set aside . . .."

On February 11, 1974 the presiding Justice denied this motion. On the same day he rendered a decision, entitled "Default Judgment", in which he recapitulated the aforementioned events occurring on and after December 27, 1973, made various findings of fact and concluded that:

"1. . . . the Petition for Partition of Sheepscot Land Corporation and all matters allegedly arising under said Petition be dismissed with costs.

"2. . . . all transfers of land and personal property (if any) from Lewis E. Gregory and Julius H. Sedlmayr . . . [to plaintiff Sheepscot Land Corporation] be set aside and . . . such property should be placed in the name of Lewis E. Gregory the true owner . . . and be used to satisfy . . . the Twenty-five thousand dollar judgment of Elizabeth K. Gregory with interest thereon and appropriate costs *including attorneys fees together with damages and such punitive damages as the Court finds to be in order arising from the circumstances of this case.*" (emphasis supplied)

As to the amounts to be paid as reasonable attorneys fees and compensatory and puni-

tive damages, the presiding Justice further ordered that they were to be determined at a subsequent "hearing before the Court on Motion of Elizabeth K. Gregory."

On February 13, 1974 the Clerk entered this "Default Judgment" on the Superior Court docket. On March 5, 1974 plaintiff corporation filed notice of appeal to the Law Court "from Default Judgment, dated February 11, 1974" (and entered as a judgment on February 13, 1974).

In these circumstances, we must dismiss the appeal of plaintiff corporation as "interlocutory" in light of the provisions of Rule 54(b) M.R.C.P.

The presence of the counterclaim brought the case within the scope of Rule 54(b) M.R.C.P. as an "action" in which "multiple claims for relief . . . are involved . . .." Wormelle v. George, Me., 325 A.2d 4 (1974). Notwithstanding that the presiding Justice had dismissed plaintiff's complaint, his disposition of the counterclaim, leaving the question of the amounts of reasonable counsel fees and compensatory and punitive damages to be later determined after a hearing on a motion subsequently to be filed by defendant, continued the counterclaim in an interlocutory and non-appealable posture. Agway, Inc. v. Elsie A. Luce, Administratrix, Me., 326 A.2d 832 (1974).

Since, therefore, the presiding Justice had not adjudicated "all the claims" and simultaneously had refrained from providing, as the predicate of any " . . . express direction for the entry of judgment", the "express determination that there is no just reason for delay . . .", as required by Rule 54(b) M.R.C.P., said Rule mandates that there has been a failure to have the action terminated as to *any* of the claims—with the result that *all* claims remain interlocutory because "subject to revision . . . before the entry of judg-ment adjudicating all the claims . . . of all the parties."

The entry is:

Appeal dismissed.

WEATHERBEE, J., did not sit.

All Justices concur.