## Kenton E. QUINT

v.

## Glenn A. BAXTER et al.

Supreme Judicial Court of Maine.

Jan. 8, 1975.

Southard, Hunt & Hebert by Frank E. Southard, Jr., Augusta, for plaintiff.

Glenn A. Baxter, pro se.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

PER CURIAM.

Glenn A. Baxter (the defendant), acting pro se, has appealed from an order granting the plaintiff partial relief on his general motion for summary judgment. The appeal must be dismissed as premature.

The plaintiff's complaint sought a money judgment against the defendant for $6,000.00 plus interest. The basis of the complaint was the defendant's liability as maker on two promissory notes, one for $5,000.00 dated September 12, 1970, and the other for $1,000.00 dated July 6, 1970, which notes had been assigned to the plaintiff. Additionally, the plaintiff sought an order to have defendant's stock in two Maine corporations, Baxter Electronics and Baxter Associates, which could not be attached on the writ, taken on execution so that it could be sold in order to satisfy any judgment that the plaintiff might recover,

and that, pending decision, the defendant be enjoined from transferring or assigning any interest which he may have in the aforesaid stock.

The order on the motion for summary judgment was limited only to the $5,000.00 note dated September 12, 1970. No disposition was made for the other alleged demands and no judgment is outstanding as to them. Therefore, the complaint is still pending as to these additional items.

We have had several occasions recently to consider Rule 54(b), M.R.C.P.,[1] and have consistently held that a *final* judgment may be entered in cases where multiple claims for relief are sought *only* if there is "an express determination that there is no just reason for delay and upon an express direction for the entry of judg-

ment." Absent such determination an order resolving less than all of the multiple claims is interlocutory and lacks "finality and appealable status." Thorbjohnson v. Rockland-Rockport Lime Co.; 272 A.2d 779, 780 (Me.1971); Sheepscot Land Corporation v. Gregory, 327 A.2d 854 (Me.1974); Agway, Inc. v. Luce, 326 A.2d 832 (Me. 1974); Wormelle v. George, 325 A.2d 4 (Me.1974); Tallwood Land & Development Company v. Botka, 296 A.2d 501 (Me.1972). This appeal falls squarely within these holdings and the entry must be:

Appeal dismissed.

DELAHANTY, J., did not participate.

All Justices concur.

---

1. "When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 54(b), M.R. C.P.