**CITY OF AUGUSTA**

**v.**

**INHABITANTS OF the TOWN OF ALNA
and
Department of Health and Welfare.**

Supreme Judicial Court of Maine.

Aug. 13, 1975.

Sanborn, Moreshead, Schade & Dawson by Peter T. Dawson, Augusta, for plaintiff.

Joseph M. Kozak, Dept. of Health & Welfare, Asst. Atty. Gen., Augusta, David B. Soule, Wiscasset, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DUFRESNE, Chief Justice.

The appellee, City of Augusta (City), sued the Inhabitants of the Town of Alna and the Department of Health and Welfare of the State of Maine (Department) in the Superior Court (Kennebec County) seeking reimbursement for expenses incurred in providing relief in the amount of $4,756.70 to one Helen Baldwin, a person destitute and in need of relief whose settlement for pauper purposes at all times material was the Town of Alna. The relief was furnished during the period from February 15, 1972 to and including August 14, 1972, but the City paid this obligation, which it had incurred in 1972, only on or about February 25, 1974.

In its prayer for relief, the City also sought a declaration of rights between the parties, having in mind, undoubtedly, that, in its attempt to bring itself within the scope of 22 M.R.S.A. § 4499,[1] it would request a ruling by the Court that the reference statute was retroactive in application and not merely prospective.

After the filing by the Department of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, the parties by stipulation s ibmitted the case to the Justice below, jury waived, for decision as the rights of the parties may require, on the basis of the pleadings and the following facts:

"Between February 15, 1972 and August 14, 1972 aid, relief and supplies were furnished to Helen Baldwin who during said time was located in the City of Augusta and was destitute and in need of relief. At all times material,

Helen Baldwin's settlement was the Town of Alna. The aid and relief resulted in billings to the City of Augusta in the amount of $4,756.70 which bills were paid by the City of Augusta on or about February 25, 1974. Subsequently on or about March 8, 1974 the Plaintiff gave the Town of Alna notice in writing of the bills having been incurred on behalf of the said Helen Baldwin and has requested payment, which payment has not been made. On or about March 10, 1974 Plaintiff requested payment for said expenditures from the Defendant, Department of Health and Welfare which request was denied by letter dated March 19, 1974, a copy of which is attached hereto and incorporated by reference herein.

Dated at Augusta, Maine this 11th day of June, 1974."

We take notice that the stipulation is silent regarding the Department's consideration respecting the reasonableness and appropriateness of the expenditures. The reference letter does not supply the omission.

The Superior Court Justice, after discussing the law which he thought applicable to the case, on July 10, 1974 rendered an opinion in which he concluded:

"Therefore, it is Ordered, Adjudged and Decreed that the claim of the City of Augusta against the Town of Alna be dismissed, and that the claim of the City of Augusta against the State Department of Health and Welfare be sustained."

The Clerk's docket entries reflect the identical order which the Court incorporat-

---

1. 22 M.R.S.A. §§ 4499. Costs; limit
    "When a municipality incurs net costs for furnishing such general relief in any fiscal year in excess of .0006 of that municipality's state valuation as determined by the State Tax Assessor in the statement filed by him as provided in Title 36, section 381, the Department of Health and Welfare shall reimburse the municipality for 90% of the amount in excess of such expenditures which the department considers to be reasonable and ap-

propriate. For the purposes of this section, the municipal officers shall submit to the Department of Health and Welfare a monthly return on forms provided by the department stating the amount of net costs for furnishing general relief beginning at the end of the month in which the municipality's general relief expenditures exceed the ceiling formula stated in this section."
    (The statute was enacted by P.L.1973, c. 470, § 1 and amended by P.L.1973, c. 681, § 7).

ed in his decision. It is from this order that the Department appeals to this Court. No other docket entry purports to be the entry of judgment pursuant to Rule 58, M.R.Civ.P.

Rule 58, M.R.Civ.P. provides in pertinent part:

"When the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the court shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. The notation of a judgment in the civil docket constitutes the entry of the judgment; and the judgment is not effective before such entry. . . ."

We note that the Justice below did not expressly direct the Clerk to enter his decisional order as the judgment in the case.

Furthermore, the Court's order to the effect that "the claim of the City of Augusta against the State Department of Health and Welfare be sustained" is equivocal, especially in the absence of a stipulation respecting reasonableness and appropriateness of the expenditures, notwithstanding the submission of the case for decision as the rights of the parties may require.

If the Court impliedly meant by his order for the Clerk to enter a money judgment in favor of the City of Augusta against the Department of Health and Welfare in the exact amount of the City's claim, such a money judgment was never entered by the Clerk and an appeal from the order as entered, without a formal judgment pursuant thereto, is premature.

If the Court impliedly meant by his order for the Clerk to enter the same as a judgment establishing only the rights of the parties under 22 M.R.S.A. § 4499, with the amount of recovery to which the City of Augusta might be entitled to be deter-

mined thereafter, such "judgment" would leave unresolved and still pending in the trial court the issue of damages.

We stated in *Agway, Inc. v. Luce,* 1974, Me., 326 A.2d 832, that "a partial . . . judgment is not a judgment on the whole case, but is customarily interlocutory in nature and not appealable."

The entry will be

Appeal dismissed.

Remanded to the Superior Court for further proceedings consistent with this opinion.

All Justices concurring.