**Louise J. PARENT**

v.

**Martin H. PARENT.**

Supreme Judicial Court of Maine.

Argued June 4, 1980.

Decided Feb. 13, 1981.

tion of prejudice against a large, out-of-state petroleum company. The record before us

Murray, Plumb & Murray, Peter S. Plumb (orally), Ellyn C. Ballou, Portland, for plaintiff.

J. Armand Gendron (orally), Sanford, Ronald L. Vigue, Berwick, for defendant.

Before McKUSICK, C. J., WERNICK, GLASSMAN and ROBERTS, JJ., and DUFRESNE, A. R. J.

ROBERTS, Justice.

Seeking to terminate their marriage, the plaintiff and defendant filed a complaint and counterclaim for divorce in District Court, York County, in 1977. After the District Court granted a divorce on the complaint, the defendant, Martin H. Parent, first appealed to the Superior Court and, upon affirmance of the lower court's judgment, then appealed to the Law Court. The plaintiff, Louise J. Parent, filed a cross-appeal to this Court, although she did not appeal initially to the Superior Court. We find that the District Court has not entered a final judgment and we therefore dismiss both appeals.

Disposition of the divorce in the District Court involved two hearings and two decisions. Following an unrecorded hearing in April, 1978, the court issued a decision labelled "Divorce Judgment." This decision granted the plaintiff a divorce and provided for child custody, support, and visitation. It also decreed that "the Court reserves for later determination all questions of property and alimony arising in this matter."

does not support the assertion of jury prejudice.

The court appointed a real estate appraiser to value the Parent homestead, which consisted of two houses and a barn on 71 acres in Berwick. The court then held an additional hearing in March, 1979, to divide the marital property. At this hearing, the defendant introduced an appraisal report by and testimony of his own appraiser on the value of the Parent homestead. The parties and the judge also referred generally to other property that possibly was marital property, although the court stated that it had no information on these properties or evidence of their values. In response to the judge's suggestion that they "present this Court with some evidence," the parties offered to furnish additional information on the other properties later. The record, however, does not indicate exactly what, if any, additional material the court received.

In August, 1979, the District Court issued a "Decision and Judgment." After summarizing the history of the case, this decision purported to divide the marital property. First, it stated that the marital property consisted of three parcels owned jointly by the parties plus a one-third interest in the real property held jointly by the defendant and two other men, who are evidently related to Mr. Parent. The decision, however, gave no description or other hint of the location of these properties. Next, the decision announced that, having "maturely considered" the evidence, the court determined the fair market value of the property to be $90,000, which was to be divided equally. Rather than splitting the property between the parties, the court gave each party an option to purchase the interest of the other, again without specifying what property that interest included. The Superior Court denied the defendant's appeal from this judgment, noting in its order affirming the judgment that the District Court's findings were not clearly erroneous.

■ The parties raise a number of issues on the appeal and cross-appeal to the Law Court concerning the jurisdiction of the District Court to enter its second judgment and the nature and amount of its property disposition. We, however, need not and cannot reach those contentions. In the absence of any adjudication in the record of the defendant's counterclaim for divorce in the District Court, the District Court has not entered a final judgment on the action before it, M.D.C.Civ.R. 54. We therefore lack jurisdiction and must dismiss the appeals. *Buxton v. McGuire*, Me., 347 A.2d 600 (1975). Because, absent a final judgment by the District Court, the Superior Court also lacked jurisdiction, we must vacate its order affirming the District Court judgment.

■ We also point out that even if the parties were to obtain an adjudication or dismissal of the counterclaim, we could not review the District Court's property division on the present record. The District Court's judgment does not meet the standards required for identifying real property. *See Sheldon v. Sheldon*, Me., 423 A.2d 943 (1980).[1] In addition, we find this record to be totally inadequate to allow for appellate review of that decision.

The record from the District Court contained as evidence the two appraisal reports on the value of the Parent homestead and the transcript of the 1979 hearing. At that hearing, the only evidence offered was presented by the defendant's appraiser on his valuation of the homestead. Yet the District Court's decision appears to dispose of additional property and assumes a fair market value greatly exceeding the valuations reached by both appraisals in evidence.

It is obvious that the parties and the court used other information not formally admitted into evidence. For example, according to the transcript, the court relied on its notes from the unrecorded 1978 hearing to determine that the parties had marital property in addition to the homestead. Near the close of the hearing the attorneys referred to, and appear to have brought

---

1. In *Sheldon* we vacated the Superior Court's judgment as it related to the disposition of property in part because of its failure expressly to identify the property at issue "so that record title to the property will not be left in doubt." *Id.* at 948.

into court without entering as evidence, several deeds concerning this other property. It should be equally obvious, however, that we have no way of reviewing the court's property distribution when this information on which it appeared to rest is not before us. Rather, counsel had the responsibility of making a complete record of all evidence upon which the court was to rely in determining the existence of marital and non-marital property, dividing marital property, and awarding alimony. See 19 M.R.S.A. §§ 721, 722–A (Supp.1980).

The District Court informed the parties both of the purpose of the 1979 hearing and of the importance of their making an adequate record when it stated at the hearing's outset:

> These proceedings are being recorded pursuant to the Maine Supreme Judicial Court's Rules. An accurate recording will aid in the protection of the rights of the litigants. ... At this time the court is about to entertain the question of dividing the marital property in the matter of Louise Parent vs. Martin Parent, Docket No. 77/8–15D. Let the record show that this court signed a decree of divorce dated April 19—April 7, 1978, wherein the decree sets forth the following language; "It is further ordered and adjudged and decreed that the Court preserve for later determination all questions of property and alimony arising in this matter."

These remarks clearly notified the parties to present all the evidence necessary to dispose of the property division at that hearing. The parties failed to do this, relying instead on informal proceedings beyond the scrutiny of the reviewing court. By choosing this route, which this court has warned against taking, see *Bagley v. Bagley*, Me., 415 A.2d 1080, 1084 n.3 (1980), and failing to take any of the other steps available to produce an adequate record, *e. g.*, M.D.C.Civ.R. 75(c), (d), they have jeopardized their right to appellate relief. *See State v. Meyer*, Me., 423 A.2d 955 (1980).[2]

We have offered these comments for the guidance of both court and counsel in any future proceedings in this case. Our holding, of course, must be that we lack jurisdiction over both the appeal and cross-appeal because of the absence of a final judgment in the District Court. We must therefore dismiss the cross-appeal and direct the Superior Court to dismiss the appeal. We point out, however, that on remand all of the issues reserved in the 1978 District Court decision may be opened for further hearing upon motion under M.D.C.Civ.R. 59(a).

The entry will be:

Cross-appeal dismissed.

Order of the Superior Court vacated.

Remanded to the Superior Court for entry of an order dismissing the appeal and remanding the case for such further proceedings as may be necessary and proper.

No costs to either party.

All concurring.

---

**2.** In addition to its other defects, this case illustrates some of the pitfalls for the unwary created by the court's hearing and deciding the property issues separately from the other questions in the divorce. As in other civil litigation, the court may sever issues for separate hearing and enter a preliminary order disposing of less than all the issues. Counsel must realize, however, that no final judgment and right of appeal exists until all the issues are disposed of, including, as in this case, any counterclaims. M.R.Civ.P. 54(b). Counsel must also be careful to present all necessary evidence on the record, rather than relying on other informal proceedings or expectations of later settling remaining issues. In addition, the procedure may mislead unsophisticated litigants into believing that they are in fact finally divorced before the entry of a final judgment and acting in reliance thereon to their detriment. Therefore, except when necessary, for example, to protect the parties or to provide for the care of minor children or occupancy of the family home, courts should avoid entering divorce judgments piecemeal. In extraordinary circumstances, the court may under Rule 54(b) render a judgment final on less than all the issues, but the practice is not encouraged in divorce cases.