**Dennis R. McBRIDE**

v.

**Henry C. HOPEWELL.**[1]

Supreme Judicial Court of Maine.

Argued March 3, 1981.

Decided May 1, 1981.

David L. Brooks (orally), North Berwick, for plaintiff.

Mastronardi, Rysman & Turner, Peter H. Rysman (orally), Yarmouth, for defendant.

---

1. In the Superior Court this case was captioned "*Dennis R. McBride v. New England Heritage Homes, Inc. and Henry C. Hopewell.*" The corporate defendant is not a party to the present proceeding, and we have recaptioned the case accordingly.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN * and CARTER, JJ.

WERNICK, Justice.

The plaintiff, Dennis R. McBride, has appealed from a May 19, 1980 order of the Superior Court (Cumberland County) denying the plaintiff's request for further execution on a default judgment entered on July 21, 1975 against the defendant Henry C. Hopewell. The defendant Hopewell cross appealed from the Superior Court's denial, on October 17, 1975, of his motion pursuant to M.R.Civ.P. 60(b) for relief from the default judgment.

We dismiss the plaintiff's appeal for lack of an appealable judgment and dismiss the defendant's cross appeal as moot.

. The picaresque progress of this case began when the plaintiff, formerly the president and general manager of New England Heritage Homes, Inc., ("Corporation"), filed suit against the Corporation and its only two stockholders, Morgan C. Elmer and Henry C. Hopewell, alleging that the three defendants owed him $14,860. for back salary and for money lent to the Corporation. Service was perfected on the Corporation and on Hopewell; Elmer was never served and plays no part in this appeal. The Corporation filed an answer and counterclaim but Hopewell, believing he was being sued in a representative capacity only, did not appear or answer.

The plaintiff subsequently replied to the Corporation's counterclaim and requested the clerk of court first to default Hopewell and then to enter a default judgment against him. M.R.Civ.P. 55(a), (b)(1). The clerk defaulted Hopewell but entered no

judgment. Approximately one year later, the plaintiff applied, with accompanying affidavits, to the Superior Court for a default judgment against Hopewell. The Court entered judgment for $14,860., the amount prayed for in the plaintiff's complaint and affidavits. Execution issued on this judgment but was returned unsatisfied.

Hopewell subsequently moved for relief from the default and default judgment. M.R.Civ.P. 55(c), 60(b). After the Superior Court denied these motions, Hopewell appealed to this Court. We dismissed the appeal and remanded the case to the Superior Court because the claim against the Corporation had not been adjudicated nor had the requirements of M.R.Civ.P. 54(b) been satisfied.[2]

The plaintiff then made two attempts to obtain a final, appealable judgment against Hopewell. He first moved to dismiss the Corporation from the action pursuant to M.R.Civ.P. 21 and also to dismiss the Corporation's counterclaim pursuant to M.R. Civ.P. 41(b)(2). The Superior Court denied these motions. It also denied the plaintiff's subsequent motion for a certificate of final judgment pursuant to Rule 54(b).

Nearly three years passed with no action taken by any of the parties. On a routine review of stale cases, the Superior Court sent notice to the parties, pursuant to M.R. Civ.P. 41(b)(1), that the action would be dismissed for lack of prosecution unless good cause be shown. None of the parties appeared in court to object to the dismissal, and the Superior Court docketed the dismissal of the case. The plaintiff, believing that the effect of the court's 41(b)(1) order was dismissal of the outstanding claim

---

* GLASSMAN, J., sat at argument and conference but did not otherwise participate.

2. M.R.Civ.P. 54(b) provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

against, and counterclaim of, the Corporation, and thereby that the default judgment against Hopewell had become a final judgment, obtained writs of execution on the judgment.

Hopewell thereafter filed a motion seeking alternatively (1) to quash the execution on the ground that it had been issued through clerical error or (2) to stay the execution pursuant to M.R.Civ.P. 62(e). After a hearing, the Superior Court quashed the executions and ordered that no further executions issue.

Plaintiff has appealed the Superior Court's barring any further executions on the judgment. The defendant Hopewell, while contending that the Superior Court's 41(b)(1) order dismissed the default judgment against him, also cross appealed from the 1975 denial of his Rule 60(b) motion for relief from the default and default judgment.

The plaintiff's appeal must be dismissed. Any judgment supporting the executions he sought was dismissed by the Superior Court in its Rule 41(b)(1) order. To entertain the plaintiff's appeal from denial of those executions would amount to allowing a collateral attack on the 41(b)(1) adjudication, since it was an adjudication on the merits, M.R.Civ.P. 41(b)(3); *Jacobson v. State Highway Commission*, Me., 347 A.2d 426, 427 (1975), from which the plaintiff did not appeal.

This Court's prior remand of the defendant Hopewell's original appeal, as occasioned by plaintiff's having failed to comply with Rule 54(b), established conclusively that the default judgment against Hopewell was not a final, appealable judgment. *See, e. g., Bacon v. Penney*, Me., 418 A.2d 1136 (1980); *Quint v. Baxter*, Me., 330 A.2d 128 (1975); *Sheepscot Land Corp. v. Gregory*, Me., 327 A.2d 854 (1974); *Thorbjohnson v. Rockland-Rockport Lime Co., Inc.*, Me., 272 A.2d 779 (1971). The default judgment remained

"subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." M.R.Civ.P. 54(b).

The Superior Court had the power to vacate the interlocutory determination of Hopewell's liability at any time before entry of a judgment adjudicating all of the rights and liabilities of all the parties. *Cf. Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir. 1979). The Superior Court, however, did not vacate the judgment separately. Rather, it dismissed the action, within which was included the default judgment as well as the remaining claim against, and the counterclaim of, the Corporation.

■ The text of Rule 41(b)(1) reads, in pertinent part:

"The court, on its own motion, after notice to the parties, and in the absence of a showing of good cause to the contrary, shall dismiss an action for want of prosecution at any time more than two years after the last docket entry showing any action taken therein by the plaintiff other than a motion for continuance."

The word "action" in Rule 41(b)(1) is broad enough to encompass all interlocutory orders in a lawsuit, including a non-final adjudication of liability. *Cf. Chute v. Lajoie*, Me., 383 A.2d 653 (1978); *see also United States v. Desert Gold Mining Co.*, 433 F.2d 713 (9th Cir. 1970); *Smith, Kline & French Laboratories v. A. H. Robins Co.*, 61 F.R.D. 24 (E.D.Pa.1973). The plaintiff had notice from the Superior Court of the impending dismissal of its suit. He could have appeared to argue that the prior entry of a default judgment in his favor was "good cause" for the court to exclude that judgment from the dismissal. Alternatively, the plaintiff could have appealed the dismissal or could have moved for relief pursuant to Rule 60(b). Instead, even though the Superior Court had denied plaintiff's Rule 21 and Rule 54 motions and had thus refused to dismiss the outstanding claims (as one way to cause the default judgment to become a final judgment), the plaintiff assumed that such finality had resulted in any event by virtue of the court's 41(b) order of dismissal. This was an incorrect tactical assumption. The Superior Court docket showed plainly that the court had dismissed

plaintiff's action in its entirety.[3] Thus, no underlying judgment existed to support the executions the plaintiff subsequently sought, and the plaintiff's present appeal from denial of further execution must be dismissed.

■ It follows that the defendant Hopewell's cross appeal from the Superior Court's denial of Rule 60(b) relief has become moot.

The entry is:

Plaintiff's appeal dismissed; defendant's cross appeal dismissed.

All concurring.

---

3. We find the instant case to be distinguishable from cases like *Oliver v. Monsanto Co.*, 56 F.R.D. 370 (S.D.Tex.1972), *Morris v. Uhl & Lopez Engineers, Inc.*, 442 F.2d 1247 (10th Cir. 1971), and *Johnston v. Cartwright*, 355 F.2d 32 (8th Cir. 1966), decided under F.R.Civ.P. 41(b). In those cases the federal courts treated interlocutory orders as having ripened into final, appealable judgments after all other outstanding claims had been adjudicated. The instant case is not one where the Superior Court has disposed, by separate action, of all other outstanding claims, thus causing the default judgment to "ripen" to appealable status. Rather, the Superior Court dismissed the entire action, without excepting any part.