Laurel B. CYR

v.

Peter T. CYR.

Supreme Judicial Court of Maine.

Argued Nov. 7, 1980.

Decided May 4, 1981.

Preti, Flaherty & Beliveau, Jonathan S. Piper (orally), John J. Flaherty, Portland, for plaintiff.

Goranites & Libby, Gary W. Libby, Portland (orally), Bowie & Matthews, Susan E. Bowie, Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, ROBERTS, and CARTER, JJ.

PER CURIAM.

On May 16, 1978, Laurel Cyr filed in Superior Court a complaint for divorce from her husband, Peter Cyr, on the ground of irreconcilable differences. In that complaint Mrs. Cyr petitioned for custody of their two children. Five months later Peter Cyr filed a counterclaim for divorce on the ground of cruel and abusive treatment and likewise petitioned for custody of the children. Because of a delay in the completion of a court-ordered custody study by the Maine Department of Human Services, the issues of divorce and child custody were tried separately pursuant to court order.

After a hearing on the issues relating to the divorce, the Superior Court entered judgment in favor of Laurel Cyr. The court did not rule on Peter Cyr's counterclaim for divorce. After a hearing on the custody of the children, the court awarded custody to Laurel Cyr. The court made no explicit disposition of Peter Cyr's counterclaim for custody.

On appeal, Peter Cyr contests the order awarding custody to Laurel. We must dismiss the appeal for lack of a final judgment

and remand the case for further proceedings leading to the entry of a final judgment. *Parent v. Parent*, Me., 425 A.2d 975 (1981).

Maine Rule of Civil Procedure 54(b) provides as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

As the rule indicates, it may be appropriate in extraordinary situations for the trial court expressly to direct the entry of a judgment final as to less than all the claims. *See Parent v. Parent, supra*, at 977, n. 2. However, no such entry was directed in the instant case.

■ This Court has consistently held that judgments lacking finality under Rule 54(b) are not subject to appeal. *Maine Cent. R. Co. v. Bangor & Aroostook R. Co.*, Me., 395 A.2d 1107 (1978); *Buxton v. McGuire*, Me., 347 A.2d 600 (1975); *Sheepscot Corp. v. Gregory*, Me., 327 A.2d 854 (1974); *Agway, Inc. v. Luce*, Me., 326 A.2d 832 (1974); *Wormelle v. George*, Me., 325 A.2d 4 (1974); *Tallwood Land & Development Co. v. Botka*, Me., 296 A.2d 501 (1972); *Thorbjohnson v. Rockland-Rockport Lime Co., Inc.*, Me.,

272 A.2d 779 (1971). The purpose of the rule is to preclude piecemeal review of the claims within a single action and to avoid needless appellate resolution of issues that may ultimately prove immaterial to the lower court's final decision. *See In re Spring Valley Development*, Me., 300 A.2d 736, 754 (1973).[1]

■ The final-judgment rule applies to domestic relations disputes with no less force than to other types of controversy. *Parent v. Parent, supra*, at 976 (1981). In the absence of a disposition by the Superior Court of Peter Cyr's counterclaims for divorce and custody of the children, the divorce decree and custody order in this case lack the finality requisite for an appeal to this Court.[2] Since we may not entertain this appeal, we remand the case for further proceedings leading to the entry of a final judgment. If either of the parties hereafter decides to appeal from the final judgment, a new notice of appeal must be filed. However, because Peter Cyr's present appeal has been fully briefed and argued before us, a renewal of that appeal will be decided on the merits on the existing record supplemented by any docket entries that may be entered following remand. Neither reargument nor resubmission of briefs will be necessary.

■ It should be emphasized that the only question involved in this particular case is the finality of the judgment for the purpose of invoking appellate jurisdiction. Although under Rule 54(b) the incomplete judgment in this divorce action is subject to revision by the trial court at any time before final disposition of all claims in the case, the parties must observe the express adjudications of that judgment as long as it remains unrevised. Unless and until it is revised, it remains fully enforceable with respect to the matters expressly adjudicated therein. Only through the orderly proc-

---

1. Although the final-judgment rule itself is not without exceptions, *see, e. g., Maine Cent. R. Co. v. Bangor & Aroostook R. Co., supra*, at 1112, none of those exceptions is applicable to the present action.

2. *See* M.R.Civ.P. 41(a)(1)(ii).

ess of adjudication can the binding force of that judgment on the parties be altered.

The entry is:

Appeal dismissed.

Remanded to Superior Court for determination of what, if any, judgment should be entered and for further proceedings consistent with the opinion herein.

All concurring.