John Earl BAKER

v.

Sharon Fay BAKER.

Supreme Judicial Court of Maine.

Argued Jan. 20, 1982.

Decided May 4, 1982.

John C. Hunt (orally), Skowhegan, for plaintiff.

Butler & Bilodeau, Wallace A. Bilodeau (orally), Skowhegan, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

GODFREY, Justice.

John Baker was granted a divorce from Sharon Baker in the District Court on November 5, 1980, after a hearing of which there is no transcript. In addition to granting the divorce, the judgment included provisions for disposition of the Bakers' property. From that judgment and subsequent orders clarifying it, the husband appeals, complaining of the provision for disposition of property. We affirm the judgment with a modification.

The court's 1980 judgment set apart certain designated items to one or the other of the spouses as nonmarital property. In particular, it set apart to the husband "as his sole, exclusive non-marital real property, the family homestead located in Madison, Maine, which real estate was acquired by [the husband] prior to marriage." The trial court ordered that the marital property be divided by awarding to each spouse the personal property he or she possessed at the time of the judgment. It specifically awarded a certain 1971 automobile to the wife as marital property. There was no recital in the decree stating the value of any of the property thus set apart or divided. The judgment ordered the husband to pay the wife $2,400 by December 31, 1980, stating that the amount was "in lieu of alimony" and that it represented the wife's "economic contribution to the marriage realized by her from savings and sale of personal property." The judgment recited that the wife's contribution had aided the husband in acquiring the Madison property, "plus liquidation of plural outstanding accounts payable plaintiff had brought into the marriage." It recited further that unless the wife's financial contributions were recognized, the husband would be unjustly enriched at the wife's expense. The judgment provided, among other things, that if the plaintiff husband did not pay the $2,400 by December 31, 1980, he was to execute a mortgage against the family homestead in favor of the wife in the sum of $2,400, plus interest, to be paid at the rate of $100 per month beginning on a specified date.

The husband appealed the judgment to the Superior Court, Somerset County, which denied the appeal on the ground that there was no sufficient record for the court to

review. The husband then appealed to the Law Court, which remanded the case because the record did not reflect any entry of judgment on the wife's counterclaim.

The District Court entered a supplementary judgment on March 18, 1981, stating that the 1980 judgment had decided all issues raised by both the husband's complaint and the wife's counterclaim, and that there was accordingly a final judgment in the case. On the husband's motion, the court entered a further order on March 30, 1981, specifying which of the numbered orders in the 1980 judgment were granted on the complaint and which on the counterclaim. The court stated that its award of $2,400 had been decreed on the basis of the wife's counterclaim and 19 M.R.S.A. § 722–A (1981), the statute authorizing disposition of the parties' property on termination of marriage.

The husband again appealed to the Superior Court, which again denied the appeal because there was no sufficient record of the hearing below. The husband now brings the case before this Court a second time.

■ The husband argues that it was improper for the District Court to order him to pay the wife $2,400 "in lieu of alimony" to compensate her for her "economic contribution to the marriage." He contends— correctly—that the extent of the wife's contribution to the marriage is relevant not to an award of alimony under 19 M.R.S.A. § 721 (1981), but to a disposition of property under 19 M.R.S.A. § 722–A (1981). However, the District Court's order of March 30, 1981, explicitly states that the $2,400 payment is based on section 722–A. Any initial doubt there might have been about what legal theory the court thought it was applying was thus resolved: despite the court's use of the phrase "in lieu of alimony," its award of $2,400 was intended to be a disposition of property under section 722–A. The husband wants to have this provision of the judgment stricken on the ground that it was not within the divorce court's authority to make such an order.

■ Because there is no transcript (or its equivalent) of the hearing before the District Court, we do not know what the evidence was and have no way of reviewing the findings of fact by the District Court. *Parent v. Parent*, Me., 425 A.2d 975, 976–77 (1981); *State v. Meyer*, Me., 423 A.2d 955, 957 (1980). We must therefore assume that there was sufficient evidence to support the findings. *Meyer v. Meyer*, Me., 414 A.2d 236, 238 (1980).

■ The difficulty in this case is that a divorce court's authority to act must be conferred by statute, *Prue v. Prue*, Me., 420 A.2d 257, 259–60 (1980), and there is no explicit authority in the divorce statutes for the trial court to order one spouse to pay a sum of money to the other except for maintenance or support or for related counsel fees. *See* 19 M.R.S.A. §§ 721, 722 (1981). Under 19 M.R.S.A. § 721, the court may decree alimony to either spouse out of the estate of the other or award a specific sum in lieu of alimony to be payable in such manner and at such times as the court may direct, conditioning the award in any manner on terms it deems just. In the instant case the recital in the judgment that the $2,400 was to be paid "in lieu of alimony," *i.e.*, as a form of maintenance, was contradicted by the court's declaration that the award was made as a form of restitution to the wife for her "economic contribution to the marriage" and that it was made pursuant to the authority, not of section 721, but of section 722–A. The inference that the $2,400 was not really a sum awarded in lieu of alimony is supported by the absence of any finding that the amount was necessary for the wife's maintenance. Furthermore, it is not possible to infer that the award was made for support or any of the other purposes provided by section 722 of title 19.[1]

1. Subsection 1 of 19 M.R.S.A. § 722 provides as follows:

1. Definition. As used in this section, "decree of alimony, support or costs" means a decree or order:

The provision of the judgment ordering payment of $2,400 was not authorized by section 721 or 722.

The divorce court is directed to do two things under 19 M.R.S.A. § 722-A, which governs disposition of the spouses' property on divorce: first, to set apart to each spouse his nonmarital property, and, second, to divide their marital property, defined in the statute, in just proportions after considering all relevant factors.[2] *In identifying each spouse's nonmarital property*, the court must take into account legally enforcible rights—by way of a resulting trust, for example—that the law attaches as a consequence of valid transactions between the parties; in other respects, however, considerations that might properly affect the division of *marital* property are not relevant. The consideration of "all relevant factors" directed by subsection 1 of section 722-A applies to the division of marital property, not to the setting apart of nonmarital property.

The trial court set apart to each spouse various items of property as nonmarital, in the process identifying the Madison real estate as nonmarital property of the husband and setting it apart to him. The court then divided the spouses' marital property and in the process directed the husband to

pay the wife $2,400 as just compensation for her economic contribution to the marriage; if the $2,400 were not paid by December 31, 1980, the husband was to give the wife a mortgage on his nonmarital property. The narrow issue thus becomes whether that portion of the court's judgment was within its authority under section 722-A. We decide that it was.

On its face, the order to pay $2,400 by December 31, 1980 or give a mortgage for that amount does not seem to constitute either a setting apart of nonmarital property or a division of marital property. It seems to create an *in personam* obligation comparable to the obligation to pay alimony or a sum in lieu thereof for maintenance of the spouse. This is not a case in which a specific sum is awarded for alimony with payment secured by a lien or charge on property of·the payor spouse. Such an order is within the court's authority under section 721. *Prue v. Prue*, Me., 420 A.2d 257 (1980).

Yet section 722-A expressly confers on the divorce court authority to make a division of marital property that recognizes a spouse's contribution to the acquisition of that property. 19 M.R.S.A. § 722-A(1)(A) (1981). In the state of the record on this appeal, we must take the recitals in the

A. For alimony or payment of money instead of alimony;

B. For support of children;

C. For support pending a divorce action;

D. For payment of related counsel fees; or

E. For alteration of an existing decree or order for the custody or support of a child.

2. Subsections 1 and 2 of 19 M.R.S.A. § 722-A provide as follows:

1. Disposition. In a proceeding: (a) for a divorce, (b) for legal separation, or (c) for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of said property, the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors, including:

A. The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

B. The value of the property set apart to each spouse; and

C. The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

2. Definition. For purposes of this section only, "marital property" means all property acquired by either spouse subsequent to the marriage, except:

A. Property acquired by gift, bequest, devise or descent;

B. Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise or descent;

C. Property acquired by a spouse after a decree of legal separation;

D. Property excluded by valid agreement of the parties; and

E. The increase in value of property acquired prior to the marriage.

judgment as expressing in their totality a recognition by the District Court, in dividing the marital property, of the wife's contribution to the husband's acquisition of marital property. Given the meager record before this Court, the mere recital in the judgment that the wife's contribution had aided the husband in acquiring the Madison property does not compel a different conclusion. This Court has no information about the nature and timing of any relevant financial transactions between the two spouses or between either of them and the transferor of the Madison property.

■ Finally, since we have no basis for comparing the values of the marital property possessed by the two spouses at the time of the decree, we must assume that the court did not err in finding $2,400 to be the amount required to achieve a just division of the parties' marital property. The sole question then is, Did the trial court have the authority to achieve its division of the marital property by requiring the husband to pay the wife a sum of money or give a mortgage on his separate property?

The courts that have confronted this issue under some version of section 307 of the Uniform Marriage and Divorce Act [3] have decided that the divorce court's power to divide marital property includes powers necessary to render effective the power to divide. One such incidental power is that of ordering one spouse to pay a cash sum to the other to achieve a just division of property, even if there is no cash to be divided. Under a statute derived, like Maine's, from section 307 of the Uniform Marriage and Divorce Act, the issue was considered in *Claunch v. Claunch*, 525 S.W.2d 788 (Mo. App.1975), *followed in In re Marriage of Kueber*, 599 S.W.2d 259 (Mo.App.1980) and *Gross v. Gross*, 557 S.W.2d 448 (Mo.App. 1977). *Accord, Neely v. Neely*, 115 Ariz. 47, 563 P.2d 302 (App.1977); *In re Marriage of Janko*, 533 P.2d 62, 63 (Colo.App.1975). The

principal argument for deriving this incidental power from the power to divide the marital property is that the technique of requiring one or both of the parties to perform certain acts (*e.g.*, pay money) may be the only sensible way of carrying out a division of the marital property "in such proportions as the court deems just after considering all relevant factors" as section 722–A requires. That technique would be preferable in many cases to requiring sale of all or part of the marital property in order to achieve a just division. We hold, therefore, that the District Court did not exceed its authority under 39 M.R.S.A. § 722–A in the terms of its judgment.

Care must be used in issuing *in personam* orders of the sort involved here since they may in some circumstances entail oppressive consequences for the party subject to them.[4] However, the trial judge, who is thoroughly familiar with the facts of the case, must be accorded a reasonable range of discretion in fashioning his orders dividing the marital property under section 722–A. In the absence of a transcript we have no basis for supposing that he abused that discretion in the arrangements he made for that division in this case.

The husband has raised a second issue on appeal. Citing *Parent v. Parent*, Me., 425 A.2d 975 (1981), and *Sheldon v. Sheldon*, Me., 423 A.2d 943 (1980), he argues that the District Court's judgment does not adequately identify the real property it disposes of and must therefore be vacated. The judgment refers to "the family homestead located in Madison, Maine, which real estate was acquired by plaintiff prior to the marriage."

■ To minimize doubts about the status of record title, real estate disposed of by a divorce judgment under section 722–A should be described in the judgment by reference to one or more instruments of

---

3. 19 M.R.S.A. § 722–A is essentially similar to section 307 of the Uniform Marriage and Divorce Act as promulgated by the National Conference of Commissioners on Uniform State Laws in 1970. *See Grishman v. Grishman*, Me., 407 A.2d 9, 11 (1979).

4. *See, e.g., In re Hopkins*, 74 Cal.App.3d 591, 141 Cal.Rptr. 597 (1977) (decision under community property statutes).

record; for example, by reference to the book and page numbers of a recorded instrument under which the land is currently held. In this particular case, however, no contention has been made that the provision of the judgment in question does not, in fact, uniquely identify the real estate that is the subject of the disposition by the court. Unlike the situation in *Parent v. Parent, supra*, only one parcel of real property is at issue here, and no doubt really exists about what parcel of land the judgment is intended to affect. From the terms of the District Court's decree and from the arguments of counsel, we infer that John Earl Baker, the appellant, owned only one parcel of real estate in Madison in 1980.

In *Sheldon*, the divorce court had apparently adopted an unwritten agreement between the parties as to division of the property without specifying in the judgment what the terms of that agreement were. *Sheldon v. Sheldon*, 423 A.2d at 947–48. In the present case, the intended disposition of the property is sufficiently clear: ownership is to remain with the husband, with a mortgage in favor of the wife if the husband does not make the required $2,400 payment in a lump sum before December 31, 1980. That disposition must be effectuated "by expressly identifying this property and making an award of title thereto, so that the record title to the property will not be left in doubt." *Id.* at 948.

The entry is:

Remanded to the District Court for amendment of its judgment to include an identification of the instrument under which John Earl Baker holds title to the Madison real estate. As so modified, the judgment is affirmed.

All concurring.