**PLANNING BOARD OF the TOWN
OF NAPLES, et al.**

v.

**Bert MICHAUD, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 18, 1981.

Decided Oct. 5, 1981.

Robert S. Hark (orally), Elliott L. Epstein, Isaacson & Hark, Lewiston, for plaintiff.

Bernstein, Shur, Sawyer & Nelson, John M. R. Paterson (orally), Portland, for Bert Michaud.

Jensen, Baird, Gardner & Henry, Nicholas S. Nadzo, Portland, for Mildred and Melcolm Smith.

Margaret Mullen, pro se.

Before McKUSICK, C. J., GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

PER CURIAM.

The Planning Board of the Town of Naples sought relief against the defendant Bert Michaud and several purchasers from Michaud of alleged undivided interests in common in and to what has been operated for more than 15 years as a seasonal campground in the Town of Naples. By amendment to the complaint, the Town of Naples was joined as a party plaintiff. The Town's complaint asserts that Michaud's attempted conversion of his single ownership of the campsite into a multiple ownership, condominium style, is a land subdivision within the scope of 30 M.R.S.A. § 4956 requiring planning board approval which was not obtained in the instant case. Hence, the Town seeks to enjoin the defendant Michaud from conveying interests in the camping site and to have the court set aside conveyances already made to the other defendants.

The court below found that the reference campsite, Birch Point Colony Club, as converted into a multiple ownership complex, condominium style, *was* a subdivision of lots within the meaning of 30 M.R.S.A. § 4956 and, by reason of Michaud's failure to obtain planning board approval, was in violation of law. A *preliminary* injunction against Michaud was ordered and the ensuing judgment enjoined him from conveying any further interests in Birch Point Colony Club until there has been compliance with that statutory provision.

Michaud's appeal from the judgment arising from the issuance of this preliminary injunction was presented to this Court in oral argument and written briefs.

The parties stipulated at oral argument that the preliminary injunction should be treated as the final injunction in the action, thus making it unnecessary for us to decide

whether the granting of a preliminary injunction is appealable as an exception to the "final judgment" doctrine.

But, independently of the question whether a preliminary injunction is appealable as such, the presiding justice did not make any disposition of Michaud's counterclaim and of the cross-claim of certain defendants. We notice also that the injunctive relief granted was solely against the defendant Michaud and did not purport to affect at this time the rights of the other defendants in the action, whose purchases from Michaud the plaintiff Town seeks to have set aside.

Since there remain in the instant case a counterclaim without disposition, a cross-claim to be adjudicated, and the rights of fifteen other defendants to be legally determined, and the presiding justice has made no certificate as required by Rule 54(b), M.R.Civ.P.[1] in a case involving multiple parties and claims, the judgment before us remains interlocutory. *Buxton v. McGuire,* Me., 347 A.2d 600 (1975).

Judgments lacking finality under Rule 54(b) are not subject to appeal. *Cyr v. Cyr,* Me., 429 A.2d 210 (1981), and cases cited.

The final-judgment rule applies to actions in equity where injunctive relief is sought and awarded as in other types of litigation. *See Wormelle v. George,* Me., 325 A.2d 4 (1974).

Since we may not entertain this appeal, we remand the case for further proceedings leading to the entry of a judgment which is final and not merely interlocutory.

The entry is:

Appeal dismissed.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

1. Rule 54(b), as amended, reads as follows:

(b) Judgment upon Multiple Claims or Involving Multiple Parties. Except as otherwise provided in Rule 80(d), when more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction any order or other form of decision, however designated, except those enumerated in the last sentence of Rule 80(d), which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Rule 80(d) referred to provides in pertinent part:

Unless otherwise ordered by the court on its own motion or on request of a party, any order granting a divorce, annulment, disposition of property under 19 M.R.S.A. § 722–A, or other disposition, award or division, of property incident upon a divorce or annulment, other than a temporary order under Rule 80(c), shall be a final judgment, notwithstanding the pendency of any other claim or counterclaim in the action.

The amendment effective August 7, 1981 merely removed domestic relations disputes from the reach of Rule 54(b) as it existed prior thereto. *See Parent v. Parent,* Me., 425 A.2d 975 (1981).