**In re John BEAULIEU.[1]**

Supreme Judicial Court of Maine.

Argued Jan. 7, 1982.

Decided April 23, 1982.

1. We have changed the name of this case on appeal so as to more accurately reflect the nature of the appeal.

Judith A. Fletcher (orally), William R. Johnson, Asst. Attys. Gen., Augusta, for plaintiff.

Ronald L. Bishop (orally), Waterville, for Robert Gurney.

Parrish A. Manson, Jr. (orally), Oakland, for guardian ad litem.

Before McKUSICK, C. J., and GOD-FREY, ROBERTS, CARTER and VIOLETTE, JJ.

PER CURIAM.

Plaintiffs, Jeannine Beaulieu and Robert Gurney, appeal from an order of the Superior Court, Kennebec County denying their separate appeals from an order of the Northern Kennebec District Court committing their child, John Beaulieu, into the custody of the Maine Department of Human Services (DHS) pursuant to 22 M.R.S.A. § 3792 (1980). We dismiss the appeal for lack of a final judgment and remand the case for further proceedings leading to the entry of a final judgment in the District Court.

On November 2, 1979, a social worker from the DHS filed a petition, with accompanying affidavit, in the Northern Kennebec District Court, seeking protective custody of three minor children: Angela, James, and John Beaulieu.[2] The District Court, in an order dated November 21, 1979, found that Robert Gurney was the father of John Beaulieu and as such was a necessary party to the proceeding. The presiding judge ordered that Gurney be made a party and counsel be appointed to represent him. On that same day, the presiding District Court judge granted temporary protective custody to the DHS on a finding that "the return of the minor children to Mrs. Jeannine Beaulieu in her present living arrangement would constitute, serious, immediate and urgent danger to the safety and welfare of the minor children," and that "protective custody is necessary for the children." Nearly six months later, after a hearing on the state's petition for full custody before a different judge, at which all parties appeared with their counsel, except Herbert Beaulieu who appeared only by counsel, the District Court issued a decree of protective custody. The decree ordered "that Angela Beaulieu, James Beaulieu and John Beaulieu, minor children of Jeannine Beaulieu and Herbert Beaulieu be and hereby are committed into the custody of the State of Maine Department of Human Services, pursuant to M.R.S.A. Title 22, Section 3792."[3] Jeannine Beaulieu and Robert Gurney appealed the decree to the Superior Court, Kennebec County. Herbert Beaulieu did not appeal. The Superior Court denied both appeals and affirmed the judgment of

2. The petition named Jeannine Beaulieu and Herbert Beaulieu as parents of the three minor children, and named Robert Gurney as "an interested party regarding John Beaulieu." The record clearly indicates that at the time the petition was filed Jeannine Beaulieu and Herbert Beaulieu were separated and, that Jeannine Beaulieu and Robert Gurney were living together with the three children.

3. The District Court docket entry of judgment contains this same language.

the District Court. The case is before us on appeal by both Jeannine Beaulieu and Robert Gurney.[4]

The judge of the District Court made no adjudication of the rights of appellant Robert Gurney, a party to the custody proceeding. Further, his Decree of Protective Custody is solely against Jeannine Beaulieu and Herbert Beaulieu and fails to include Robert Gurney. Because there remains for adjudication the rights of one of the parties, and the judge of the District Court made no certification as required by Rule 54(b) of the Maine Rules of Civil Procedure in a case involving multiple parties,[5] the judgment before us remains interlocutory. *Planning Board of the Town of Naples, et al. v. Michaud*, Me., 435 A.2d 742 (1981).

Judgments lacking finality under Rule 54(b) are not subject to appeal. *See Cyr v. Cyr*, Me., 429 A.2d 210, 211 (1981) and cases cited. We therefore remand the case for further proceedings leading to the entry of a final judgment.

The entry is:

Appeal dismissed.

Remanded to the Superior Court with instructions to remand to the District Court for further proceedings consistent with the opinion herein.

All concurring.

---

4. The appellants have appealed the decree only as to John Beaulieu.

5. Rule 54(b), in pertinent part read as follows at the time notices of appeal were filed in this case:

> [W]hen multiple parties are involved [in an action], the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for ·delay and upon an express direction for the entry of judgment. In the absence of such determination and direction any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.