**In re Thomas E. CAMPBELL, Debtor.**

**Thomas E. CAMPBELL, Plaintiff,**

v.

**Beth S. (Campbell) COREY, et als., Defendants.**

**Bankruptcy No. 184–00030.**
**Adv. Nos. 184–0015, 185–0018.**

United States Bankruptcy Court, D. Maine.

Oct. 3, 1985.

Peter Fessenden, Ranger, Fessenden & Copeland, Brunswick, Me., for debtor/plaintiff.

William H. Howison, Anthony, Howison & Landis, Portland, Me., for defendant.

Timothy Woodcock, Asst. U.S. Atty., Bangor, Me., for Farmer's Home Admin.

MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

This is a core proceeding brought by a Chapter 13 debtor (plaintiff) to determine the nature, extent, and priority of the defendant's lien against the plaintiff's real estate under 11 U.S.C. § 506. The Court finds the following relevant facts.[1]

The defendant in this proceeding is the former wife of the plaintiff and her interest in real property arising from the divorce judgment entered on August 30, 1983 by the Maine District Court, District Seven, Division of Southern Kennebec is the subject matter of this action. The State court in its memorandum and divorce judgment found that the plaintiff had purchased real estate consisting of a farm prior to his marriage to the defendant. During the marriage the plaintiff conveyed the farm real estate to himself and his wife, defendant herein, as joint tenants at which time it became marital property. The State court valued the property at $115,000.00. Certain farm equipment, livestock, and other assets were valued at approximately $138,-000.00. The total indebtedness of the parties was estimated at $205,000.00. The

---

**1.** This Memorandum of Decision constitutes findings of fact and conclusions of law in ac-

cordance with Bankruptcy Rule 7052.

State court, in its divorce judgment, ordered

that the farm, including the real property, all livestock and equipment and all other personal property, appurtenances and assets located at and forming a part of the farm operation, are set apart to the [plaintiff] subject to all mortgages and encumbrances thereon, all outstanding loans with respect thereto and all indebtedness outstanding, for which the [plaintiff] shall be solely liable and with respect thereto, [plaintiff] shall hold the [defendant] harmless.

The State court further ordered the plaintiff to pay the defendant the sum of $22,-300.00 as the defendant's share in the equity of the marital property, both real and personal. The defendant was ordered to execute the documents necessary to convey title to the farm property and equipment to the plaintiff, who, in turn, was ordered to execute a note and mortgage deed on the farm real estate to the defendant in the sum of $22,300.00.

The plaintiff appealed the State court's divorce judgment to the Kennebec County Superior Court. The plaintiff dismissed the appeal on February 3, 1984, and on that same date, filed a Chapter 13 petition in this Court. On February 16, 1984, the plaintiff filed a complaint to determine the secured status and motion to avoid judicial liens against the defendant. Count II and Count III of the complaint were dismissed by this Court's order dated October 11, 1984 by consent and agreement of the parties. The only remaining Count (Count I) in that adversary proceeding (Case No. 184–00030, Adv. No. 184–0015) was whether the defendant was a secured or unsecured creditor of the plaintiff's estate. On January 14, 1985, the plaintiff brought a separate action (Case No. 184–00030, Adv. No. 185–0018) rather than amend the original complaint. In that action the plaintiff

joined as defendants the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (the Farmers Home Administration), the United States of America acting through the Agricultural Stabilization and Conservation Service, United States Department of Agriculture (the Agricultural Stabilization and Conservation Service), and the Municipality of Litchfield, Maine.[2] In this new complaint, in paragraph 7, the plaintiff reiterates the same cause of action found in Count I of the complaint filed on February 16, 1984, seeking to avoid the secured status of the defendant.

The plaintiff contends that on February 3, 1984, the date the plaintiff dismissed his appeal of the State court's judgment, defendant was no longer a joint tenant of the farm real estate but rather a secured creditor of the plaintiff in the amount of $22,-300.00. The plaintiff further maintains that the value of the farm real estate, encumbered by claims filed by the Farmers Home Administration and the Municipality of Litchfield, Maine, is insufficient to satisfy the defendant's secured claim and that the defendant is therefore an unsecured creditor of the plaintiff's estate.

The issue presented to this Court is to what extent defendant is a secured creditor.

Pursuant to Me.Rev.Stat.Ann. tit. 19, § 722–A (1981), the State court, in a proceeding for a divorce, "shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors." Me.Rev.Stat.Ann. tit. 19, § 722–A(1) (1981). The disposition of marital property is committed to the sound discretion of the State court. *See, e.g.,* *Smith v. Smith,* 472 A.2d 943, 945 (Me. 1984). The State court's statutory authority to divide marital property under Me.Rev.

---

**2.** There is no dispute as to the validity and amount of the claim filed by the Farmers Home Administration as a first mortgagee on the plaintiff's farm real estate, nor is there a dispute as to the validity and amount of the claim filed by the Municipality of Litchfield, Maine, as a statutory lienholder against the plaintiff's farm real estate for unpaid real estate taxes. The interest of the Agricultural Stabilization and Conservation Service arises solely to the extent of a silo on the plaintiff's farm and not to any portion of the real estate.

Stat.Ann. tit. 19, § 722–A (1981) includes those powers necessary to render effective the division. *Baker v. Baker,* 444 A.2d 982, 986 (Me.1982). As the Supreme Judicial Court of Maine has stated:

the techniques of requiring one or both of the parties to perform certain acts ... may be the only sensible way of carrying out a division of marital property 'in such proportions as the court deems just after considering all relevant factors' as section 722–A requires. That technique would be preferable in many cases to requiring the sale of all or part of the marital property in order to achieve a just division.

*Baker* at 986.

In the case at bar, the State court

ordered that the [defendant] shall execute all necessary documents to convey title to the [plaintiff] pertaining to the farm property and equipment, and ... ordered that the [plaintiff] shall execute a note and mortgage deed on the farm real property in favor of the [defendant] in reference to the sum of $22,300.00 due to the [defendant] as her share of the marital property.

Prior to compliance with the State court's order, the plaintiff filed his Chapter 13 bankruptcy petition. The State court clearly intended that the division of the marital property was to be effected by the defendant's execution of the documents necessary to convey title to the plaintiff simultaneously with plaintiff's execution of a note and mortgage deed on the farm real estate to the defendant. The plaintiff's appeal of the State court's divorce judgment, his dismissal of the appeal, and his simultaneous filing of his Chapter 13 bankruptcy petition precluded the defendant from complying with the State court's judgment. The plaintiff now maintains that the State court's judgment dispossessed the defendant of her joint tenancy in the farm real estate, put the defendant in the position of a secured creditor, and that there is no equity in the farm real estate to which her security can attach. This Court interprets the State court's decree to have clearly

intended that until the defendant conveyed her interest in the farm real estate to the plaintiff and the plaintiff protected her at the same instant with the return of a note and mortgage deed, that the defendant's interest in the farm real estate would remain that of a joint tenant. To interpret the State court decree otherwise would require the defendant to give up a joint interest in property without receiving the *quid pro quo* intended by that very same divorce decree. This Court finds that the defendant is a joint tenant of the farm real estate and is not a creditor, either secured or unsecured, of the plaintiff's estate.

Enter Order.